(No. 41813.—

Bruce H. Canfield *et al.*, Appellants, *vs.* Victor I. Spear, Appellee.

*Opinion filed Sept. 26, 1969.—Rehearing denied Nov. 25, 1969.*

Raphael E. Yalden, of Rockford, for appellants.

Barry L. Kroll, of Chicago, for appellee.

Mr. Justice House delivered the opinion of the court:

This case involves the validity of a restriction by contract upon the right to practice medicine. A group of doctors associated in a Rockford clinic brought suit in the circuit court of Winnebago County to enjoin a former associate, Victor I. Spear, from practicing medicine in Rockford, or within a 25-mile radius thereof, in violation of his agreement. The circuit court issued an injunction restraining him from so practicing for a period of 3 years, as called for by the contract. The appellate court reversed, however, holding

the provision unenforceable. (99 Ill. App. 2d 107.) This court granted leave to appeal.

The record shows that defendant came with the clinic in May, 1965, under a one-year contract. At the end of that year the agreement in question was entered into providing for a 15-year association, with a minimum guaranty of $18,000 per year for the first two years. Under the terms of the contract defendant could terminate by giving one year's notice of intention to do so, but in the event of withdrawal agreed he "will not re-engage in the practice of medicine within three (3) years after the termination of the association with the partnership within the City of Rockford or within a radius of twenty-five (25) miles thereof." In January, 1967, defendant gave notice of resignation and requested that the effective date be the following July 1 instead of the one year later. The plaintiffs consented to this, but advised defendant that they would expect him to observe the 3-year restriction on practicing in the Rockford area. Nevertheless shortly after July 1 the defendant, in disregard of the agreement, opened a new office in Rockford, sending out announcements of the fact.

It is not denied that this conduct was in direct violation of the contract. It is sought to be excused, however, on the ground that the restrictive clause is void. To support this position defendant makes several arguments. He claims that since his specialty is dermatology the plaintiffs (who have apparently not yet obtained another dermatologist) have no legally protectible interest, that if he does not practice in the Rockford area the public welfare will be injured, that the area has an unfavorable "dermatologist-patient ratio", that the plaintiffs have failed to prove the damage caused to their clinic by defendant's practice, and that compelling him to live up to his agreement would be a hardship.

There is no merit in defendant's position. It is true that contracts in general restraint of trade are ordinarily held to be void. (See *Hursen* v. *Gavin,* 162 Ill. 377.) But in cases

such as the present one, where the limitation as to time and territory is not unreasonable, the agreement is valid and enforceable, and relief by injunction is customary and proper. *Bauer* v. *Sawyer*, 8 Ill.2d 351; *Storer* v. *Brock*, 351 Ill. 643; *Ryan* v. *Hamilton*, 205 Ill. 191.

In the *Bauer* case several doctors were associated in a medical clinic in the city of Kankakee. The agreement provided that in case a doctor withdrew or terminated his association he would not engage in the practice of medicine witthin a radius of 25 miles of Kankakee for a period of 5 years. In holding that an injunction should be granted this court said "there is no reason why Dr. Sawyer cannot serve the public interest equally well by practicing in another community. No special hardship to Dr. Sawyer appears which would justify the denial of relief in this case. He may resume practice in Kankakee after five years and in the meantime he may practice elsewhere. The territorial limitation to the city of Kankakee and the surrounding area is not, we think, unreasonable in the light of modern methods of transportation and communication." 8 Ill.2d at 355.

In the *Storer* case a restriction on the practice of medicine was upheld which covered the entire city of Chicago and was unlimited as to time. In holding the restraint to be reasonably limited the court pointed out, *inter alia,* that "by the contract he is not restrained from practicing his profession at any place in this State outside of the city of Chicago."

In the *Ryan* case the agreement was to refrain from practicing medicine in or within 8 miles of Viola, Illinois. The restriction was limited to the time the covenantee engaged in the practice of medicine in that area but was otherwise unlimited as to time. It was held that the agreement could be enforced by injunction.

In this case the defendant had never lived in Rockford before he joined the clinic in 1965, nor did he bring any patients with him. He was a newcomer to the com-

munity, and it was doubtless through the opportunities provided by this association that he became known in the city. The defendant's promise to temporarily refrain from practicing in the Rockford area if he left the clinic was one of the considerations upon which the plaintiffs accepted him and guaranteed him a substantial income.

When the agreement was signed the defendant, a professional man some 30 years of age and holding degrees from a university, was hardly incompetent to look out for his own interests. He was fully aware of what he was doing, and in accepting the benefits he knew that if he terminated his association he would no doubt have to refrain from practicing in the Rockford area for the 3-year period. In the absence of reasons more compelling than those advanced in this case the defendant cannot avoid his own commitments. He has accepted the benefits of the contract and must take the burdens as well.

Nor is the contract injurious to any legitimate interest of the public. Defendant can be as useful to the public at some other place in the State as he can in Rockford, and the health of persons elsewhere is just as important. It cannot be said that the public interest is adversely affected if a physician decides to move from one community to another, nor does it become so if the move results from some agreement made in advance. If a severe shortage exists in any particular place young doctors will tend to move there, thus alleviating the shortage.

The present case is readily distinguishable from *House of Vision* v. *Hiyane*, 37 Ill.2d 32, upon which the defendant relies. In that case a contact lens technician was employed by an optical concern under a contract restricting him, if his employment was terminated for any reason, from engaging in similar work within 30 miles of either of the concern's two offices. The duration of the restrictions was unlimited. This court held the restriction unenforceable because the parties had specified "unrealistic boundaries in time

and space." It was observed that "By the terms of the contract, if he was to utilize that skill, it would be necessary for him to move himself and his family a considerable distance —beyond an area that contains over one half of the population of the State of Illinois, and extends into Wisconsin on the north and Indiana on the south." The area involved in the case at bar, and the short 3-year period described, bear little resemblance to the unreasonably broad restriction in the *House of Vision* case. Much closer to the present provision is the one enforced in the *Bauer* case, which prescribed a radius of 25 miles of Kankakee and a duration of 5 years.

We conclude that the terms of the agreement in this case are not unreasonable, that the agreement is not contrary to public policy, and that no special hardship has been shown that would justify the denial of relief. The appellate court erred in declaring the covenant void and unenforceable. Its judgment is reversed, and the judgment of the circuit court of Winnebago County is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*