Frank A. GARZA, for himself and, as a member and representative of the Class described in the Complaint, on behalf of all members of the Class described in the Complaint, Plaintiff,

v.

CHICAGO HEALTH CLUBS, INC., a corporation, et al., Defendants.

No. 71 C 643.

United States District Court, N. D. Illinois, E. D.

July 29, 1971.

Albert Koretzky, Chicago, Ill., for plaintiff.

Paul M. Lurie, Fohrman, Lurie, Holstein, Sklar & Cottle, Chicago, Ill., for Chicago Health Clubs, Inc.

## MEMORANDUM OPINION

WILL, District Judge.

This class action suit brought under Section 130 of the Consumer Credit Protection Act, popularly known as the Truth in Lending Act, 15 U.S.C. § 1640, alleges that the defendants have violated Sections 121, 125 and 128 of that Act, 15 U.S.C. §§ 1631, 1635 and 1638, and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, by failing to make certain required disclosures before the consummation of a credit transaction. The de-

fendant Chicago Health Clubs, Inc. (hereafter referred to as CHC) moves to dismiss Paragraph 7d of Count I of the Amended Complaint and Paragraph E of the prayer for relief contained therein and further moves to make the Amended Complaint more definite.

Paragraph 7d of the Amended Complaint alleges a violation of Regulation Z and of the Act claiming that CHC caused:

"Customers to execute Retail Installment Contracts which result or may result in a security interest being retained or acquired in real property which is used or expected to be used as the principal residence of the customer without giving such customer complete notices of his right of rescission in the form required, all as provided in Section 226.9(a), (b) and (f) of Regulation Z."

Attached to the "Amendment to the Amended Complaint" is a copy of the involved installment contract. Contained therein is both a confession of judgment clause and a provision whereby CHC waives any interest in any real estate of the buyer. This latter clause states:

"Notwithstanding any provision hereof or of applicable law, holder irrevocably waives and releases all rights to make a judgment confessed hereon a lien on any real property now or hereafter owned by the Buyer or in which the Buyer may now or hereafter have an interest."

In support of plaintiff's claimed violation of § 125 of the Act and Paragraph 226.9 of Regulation Z, the facts pleaded and inferrable from the Amended Complaint, viewed most favorably to the plaintiff, are: CHC included a confession of judgment clause in its contract with the plaintiff which constituted a security interest within the meaning of Regulation Z; plaintiff owned real estate which was his principal place of residence; CHC failed to give plaintiff the rescission notice called for by the Act and Regulation Z; and CHC's con-

fession of judgment clause purported to waive any lien in plaintiff's real estate. We believe that, as to this claim, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The motion to dismiss this claim, therefore, is well founded. Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957). Cf. Austin v. House of Vision, Inc., 404 F.2d 401 (7th Cir. 1969).

Section 125 of the Act grants the right of rescission to any person to whom credit is extended if a security interest is retained or acquired in any real property which is used or expected to be used by the obligor as his residence. Under the power granted to it by the Act, the Federal Reserve Board has promulgated 12 C.F.R. § 226.9 to effectuate the purposes of Section 125 of the Act. For the purposes of § 226.9, security interests are interpreted by the Board to include confession of judgment clauses and cognovit provisions which make it possible for the holder of an obligation containing such provisions, under state law, to record a lien on property of the obligor simply by recordation of the entry of judgment with the obligor being afforded no opportunity to enter a defense against such action prior to entry of the judgment. Board Interpretation, 12 C.F.R. §§ 226.202(b), (c), 34 F.R. 8698.

We believe that had the Federal Reserve Board extended the above interpretations concerning security interests to all confessed liens which under state law could result in a judgment against the debtor without notice, Paragraph 7d of the Amended Complaint might state a cause of action. However, the Board's interpretation of Regulation Z specifically excluded from the operation of the rescission portions of the Act and Regulation those confession of judgment clauses which, as does the one here involved, exclude a lien on all residential real estate. The Board provided:

"Confessions of judgment clauses and cognovit provisions which, by their terms, exclude a lien on all real

property which is used or is expected to be used as the principal residence of the customer, would not bring a transaction under the provisions of § 226.9." Board Interpretation, 12 C.F.R. § 226.202(d).

■ The position taken by the Board is thus quite clear. In addition, it has consistently confirmed in its Opinion Letters that the use of an effective disclaimer of waiver or lien as to real estate meeting the requirements of Board Interpretation 226.202(d) avoids the interdictions of § 226.9 of Regulation Z and § 125 of the Act despite the creditor's reliance on and use of a confession of judgment provision. *See*, F.R.B. Opinion Letters, August 14, 1969, June 26, 1969, 4 CCH Consumer Credit Guide, ¶¶ 30,150, 30,064. We believe that these interpretations of the Act and Regulation Z by the Board are entitled to great weight, are consistent with the purposes of the Act and the plenary powers granted to the Board, and are not plainly erroneous. We, therefore, are without authority to overturn these administrative interpretations of Regulation Z and the Act. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945); Udall v. Tallman, 380 U.S. 1, 4, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); McCall Coal Co. v. United States, 374 F.2d 689, 691 (4th Cir. 1967).

Accepting the Board's interpretations as correct and binding, the crucial element of the involved contract becomes the provision quoted above from the confession of judgment clause wherein CHC waives any interest in any real estate owned by the plaintiff. We must determine if this waiver meets the requirements of § 226.202(d) so as not to bring the entire transaction under 12 C.F.R. § 226.9.

CHC states that the controlling language of this proviso to its cognovit provision is carefully drafted to be a complete and total exclusion of any actual or potential interest in any real property and clearly meets the substantive requirements of the Board interpretation.

The plaintiff, on the other hand, notes that the Board has interpreted § 226.9 (a) to mean that a transaction is still subject to the right of rescission if the waiver of lien on residential real estate is ineffective, *see* 12 C.F.R. § 226.902, F.R.B. Opinion Letters, August 14, 1969, August 22, 1969, 4 CCH Consumer Credit Guide ¶¶30,150, 30,450, and Federal Trade Commission Informal Staff Opinion, June 16, 1970, 4 CCH Consumer Credit Guide ¶30,539, and contends that CHC's attempted waiver is ineffective. We must therefore turn to Illinois law to determine if CHC's waiver of lien is effective so as to prevent a rescission right from attaching to its confession of judgment clause.

The plaintiff contends that Illinois has no provisions for "waiver" of a judgment lien and a judgment rendered on any confession clause would be a lien on real estate, with the only manner for such lien to be released being by payment. Ill.Rev.Stat. Ch. 77, §§ 1, 68a. This conclusion that a judgment rendered on a confession clause would be a lien on real estate, however, overlooks the fact that § 1 of Chapter 77 describes additional affirmative steps which a judgment creditor *must* take to cause his judgment to become a lien on real estate. His judgment does not become such a lien until he files a Memorandum of his judgment or a certified copy of the judgment either in the office of the Recorder of Deeds in the county in which the real estate is located or with the appropriate registrar of title, with a notation of same entered upon the last certificate of title (depending on whether or not the land is registered under the Torrens system). In Illinois, therefore, unless the judgment creditor takes these additional steps, he obtains no lien on real estate.

The Federal Reserve Board does not define its use of the word effective as concerns an effective waiver of lien on real estate. We believe that CHC is correct in its suggestion that its waiver must be considered effective if two tests are met: 1) the covenant imposes an

obligation or duty upon the covenantor which lies within his power to perform; 2) predictable remedies exist to prevent a breach or to restore the injured party after breach.

■ The waiver provision in the contract between the plaintiff and CHC must be deemed a covenant that if the holder obtains a judgment, he will refrain from taking the additional steps necessary to create a lien on any real property. We believe this covenant satisfies both tests defined above and must be considered an effective waiver. Under Illinois law, a judgment may become a lien on real estate only upon the judgment creditor's affirmative act of recording a Memorandum; therefore, it is within his power and control to refrain from recording so that his judgment does not become a lien on real estate. If the defendant or any holder of the contract were able to obtain a Memorandum of Judgment which was then recorded in the appropriate office so as to create a lien on real estate, the judgment debtor clearly has adequate remedies to clear title and recover damages from the holder for breach of contract. Negative covenants are as valid and enforceable in Illinois as other kinds of contract terms assuming that they do not violate the public policy of the State. Canfield v. Spear, 44 Ill.2d 49, 254 N.E.2d 433 (1969), upholding and enforcing a covenant not to compete; Smithereen Co. v. Renfroe, 325 Ill.App. 229, 59 N.E.2d 545 (1st Dist.1945), upholding a covenant not to use trade secrets; Paschen v. Pashkow, 63 Ill.App. 2d 56, 211 N.E.2d 576 (1st Dist.1965), enforcing a covenant restricting a real estate development to single family residences. We believe that were the holder of the contract to violate or threaten or be about to violate the covenant of waiver in this contract, the judgment debtor could go into an appropriate state court to seek injunctive relief to prevent such action or to clear his title. This waiver, therefore, must be deemed effective.

Plaintiff argues also that CHC's waiver is not effective because § 1 of Chapter 77, Ill.Rev.Stat., does not provide for any form of "waiver". Plaintiff's argument, however, is without merit. It assumes that the creation of a lien upon real estate is automatic. We have previously shown that this is not the case. Moreover, express provisions for waiver of rights created by statute are not always necessary for the waiver to be effective in Illinois. See, e. g., Wingard v. Peters, 329 Ill.App. 644, 69 N.E.2d 908 (2d Dist.1946), recognizing that a party may waive the benefits of the Statute of Limitations even though there is no express statutory basis for such a waiver.

■ CHC apparently drafted its contract to fall squarely within the terms of 12 C.F.R. § 226.202(d) and, we believe, has succeeded in that attempt. The Board has determined that a confession of judgment clause which, by its terms, excludes a lien on residential real estate does not bring the credit transaction within the terms of that portion of the Truth in Lending Act or Regulation Z which allows a purchaser a right of rescission. By including within its confession of judgment clause the provision that it waives the right to make a judgment so confessed a lien on all real property, CHC has met and gone beyond the requirements of the Board. Irrespective of whatever other violations of the Truth in Lending Act and/or Regulation Z that CHC may be charged with, CHC has not violated §§ 226.9(a), (b), and (f) of Regulation Z as alleged by plaintiff in ¶ 7d of Count I of the Amended Complaint. Defendant's motion to dismiss this portion of the complaint, therefore, will be granted.

CHC next moves to dismiss that portion of Paragraph E of the Prayer for Relief of the Amended Complaint which asks that:

"* * * CHICAGO HEALTH CLUBS, INC., be ordered to cease and desist from failing to make all disclosures required by Section 226.10 of Regulation Z in any advertisement

to aid, promote, or assist directly or indirectly any extension of consumer credit * * * "

CHC moves to dismiss on the grounds that neither Section 226.10 of Regulation Z nor Chapter 3 of the Act from which this regulation is derived creates any private right of enforcement and that, in any event, no allegations of fact are set forth in the Amended Complaint upon which the relief claimed could be granted.

The defendant notes the following regarding private causes of action under Section 3 of the Act. The Act was divided by Congress into separate chapters with its enforcement delegated to various federal agencies. The only civil cause of action or remedy for violation of the Act that appears in the text of the Act is in Chapter 2, 15 U.S.C. §§ 1631–1644, dealing with credit *transactions*. Chapter 3 of the Act, 15 U.S.C. §§ 1661–1665, dealing with credit *advertising*, creates no civil cause of action and is to be enforced by the Federal Trade Commission. The defendant finally notes that the Court of Appeals for the Eighth Circuit has determined that a private action for damages based on false credit advertising cannot be maintained under the Act, and urges that the language of the opinion supports its theory that a federal court has *no* jurisdiction to enjoin allegedly fraudulent credit advertising, Jordan v. Montgomery Ward & Co., 442 F.2d 78 (8th Cir. 1971). In the circumstances of this case, we need not, however, resolve this issue and we assume, without deciding, that we do have jurisdiction to enjoin fraudulent credit advertising upon the request of an injured private citizen.

The *Amended Complaint* makes no reference to CHC's credit advertising practices nor asserts any facts which touch this subject. For this reason alone, this portion of the complaint should be stricken because plaintiff has not met even the minimal standards of notice pleading called for by Rule 8 of the Federal Rules of Civil Procedure. After reading plaintiff's brief in opposition to the motion to dismiss, however, we believe that plaintiff is seeking this injunction in order to compel disclosure in CHC's advertising of those matters which he alleges in Paragraph 7 of his complaint, were improperly not disclosed in the Retail Installment Contract discussed above. Plaintiff appears to claim that this material is required to be disclosed by Chapter 3 of the Act. Even interpreting plaintiff's complaint as including these assertions from his brief, we believe that this reliance on Chapter 3 of the Act is misplaced.

To begin with, Chapter 3 is structured to require disclosures of certain credit terms if, but only if, the advertisement first makes a claim that relates to credit terms. See, §§ 142, 144 of the Act, 15 U.S.C. §§ 1662, 1664; 12 C.F.R. §§ 226.-10(a), (d). Even assuming that injunctive relief can be granted to a private party under Chapter 3, plaintiff has alleged no facts relating to defendant's advertising practices necessary to invoke the provisions of Chapter 3.

■■ Second, it is doubtful whether the defendant's Retail Installment Contract, the only document to which we are referred and the apparent target of plaintiff's entire complaint, can be considered an advertisement under Chapter 3 of the Act. It appears clear from the legislative history of the Act and from the inclusion of Section 145 of the Act, 15 U.S.C. § 1665, relieving the media from any potential liability under this chapter, that Congress visualized the term advertisement to include only the traditional notice for the selling of goods and services designed and generally circulated to attract public attention. Under this definition of the term, the contract entered into between the parties to this suit could not be deemed to be an advertisement.

■ Finally, even assuming that CHC's Retail Instalment Contract can be considered an advertisement, it is still clear that the plaintiff is not entitled to relief under Chapter 3 of the Act. None of the disclosures mentioned in

paragraph 7 of the Amended Complaint which the plaintiff accuses CHC of omitting from its "advertisement" are required to be made in advertising by Chapter 3. In short, defendant's contract, as advertising, complied with Chapter 3.

We conclude, therefore, that even if we make several questionable assumptions, no basis exists for plaintiff's prayer for relief as concerns credit advertising and 12 C.F.R. § 226.10. The defendant's motion to dismiss is granted as to that portion of Paragraph E of the Prayer for Relief of the Amended Complaint quoted above.

CHC further moves this Court under Rule 12(e), Fed.R.Civ.P., to order plaintiff to make Paragraphs 7a, 7b and 7d of the Amended Complaint more definite and certain because they allegedly are so vague that it cannot form a responsive pleading. Paragraph 7d has been dismissed above so only the first two paragraphs remain relevant to this motion. These two paragraphs accuse the defendants of violating the Act and regulation Z by failing to make the following required disclosures before consummation of any credit transaction:

"a. No clear and conspicuous disclosure was made to any customer of the security interest to be retained or acquired in connection with the extension of credit nor was any explanation given of the manner in which a security interest could be acquired in any customer's property as required by Section 226.8(b) (5) of Regulation Z;

b. Failing to make all disclosures above or adjacent to the place for the customer's signature, contrary to Section 226.8(a) of Regulation Z."

As to Paragraph 7a, CHC contends that the plaintiff should be required to set forth the manner in which a security interest is alleged to have been created or to be acquired by the defendant as well as the nature and circumstances of the disclosure deficiency in its contract. As to Paragraph 7b, CHC believes that the plaintiff should be required to allege which of the disclosures required by the cited regulation failed to meet the location requirement of the regulation.

We do not believe that CHC's motion is well founded. The plaintiff is not required to set out in detail the facts upon which he bases his claims. Conley v. Gibson, *supra*. The details are available to this defendant through the utilization of the pretrial discovery techniques authorized in Rules 26–37, inclusive of the Federal Rules of Civil Procedure. The plaintiff's complaint meets the minimum requirements of notice pleading of Rule 8(a) (2), Fed.R.Civ. P., and thus necessitates the rejection of defendant's motion. It is clear that Rule 12(e) "is designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirement of Rule 8 and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement will not be granted." 2A Moore's Federal Practice ¶ 12.18; Fairmont Foods Co. v. Manganello, 301 F. Supp. 832 (S.D.N.Y.1969); State of Tennessee ex rel. Davis v. Hartman, 306 F.Supp. 610 (E.D.Tenn.1969). Although plaintiff conceivably could have drafted his complaint in greater detail, his failure to do so is not inconsistent with the spirit of the modern rules of procedure that are designed to reduce complexity in pleading yet increase the pretrial knowledge of the litigants concerning the positions of their opponents through liberal pretrial discovery. The plaintiff has clearly put CHC on notice of the nature of his claims. Accordingly, CHC's motion for a more definite statement is denied.

An order consistent with the foregoing will be entered.