Roy and Company *v.* Walker.

(No. 332793—Decided June 7, 1973.)

Franklin County Municipal Court.

*Mr. Arthur G. Wesner*, for plaintiff.
*Mr. George W. Ankney, Jr.*, for defendant.

WEST, J. Defendant, Shirley A. Walker, on October 11, 1971, purchased from plaintiff, Roy and Company, a $286 ring as a Christmas gift for her husband. Mrs. Walker paid $10 down and signed a security agreement and cognovit note for a balance of $304. This included a finance charge of $28 computed at an annual percentage rate of 14.58% and was payable in 15 consecutive monthly installments of $20 commencing October 29, 1971, and a final payment of $4.

The ring was delivered to Mrs. Walker who still has it and no payments have been made on the note.

Just before Christmas 1971, after the October and November payments on the note were in default, Mrs. Walker showed the ring to her husband. He did not like it so she attempted to return it, but Roys refused to accept it and cancel the note.

Plaintiff took judgment on the cognovit note February 8, 1972. On April 17, 1972, defendant's motion to vacate the judgment was allowed. An answer was filed alleging Roys failed to comply with the Federal Truth in Lending Act by failing to notify defendant of her right to rescind. Defendant also alleged she purchased the ring on the basis of plaintiff's representation it could be returned at any time following purchase, that she twice attempted to return it and Roys refused to accept it.

The evidence is undisputed that no notice of a right to rescind within three business days was given defendant.

The law in question is Section 1601 *et seq.*, Title 15, U. S. Code, and particularly, Section 1635(a), which provides:

"Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later by notifying the creditor, in accordance with regulations of the Board of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section."

Under the power granted to it by the Truth in Lending Law, and to effectuate its purposes, the Federal Reserve Board has promulgated what is known as Regulation Z, 12 C. F. R., Section 226. Under Section 226.9(a) of the regulation the customer is given the right to rescind and the creditor is obliged to notify him of that right. It has been held that this regulation, which provides that within three days of consummation of any credit transaction in which a security interest is or will be retained or acquired in a customer's residence the customer shall have the right to rescind the transaction, and which requires the creditor to notify the customer of his right to rescind when there is a probability that a lien on his home will arise by operation of law even though he has not executed an indenture on property, is entirely consistent with the legislative purpose and is a reasonable and proper device for carrying it

out. *Gardner & North Roofing & Siding Corp.* v. *Board of Governors* (1972), 464 F. 2d 838.

Under Section 226.9, security interests are interpreted by the Board to include confession of judgment clauses and cognovit provisions which make it possible for the holder of such obligation to record a lien on the property of the obligor simply by recordation entry of judgment and no opportunity is afforded the obligor to enter a defense against such entry prior to entry of the judgment. Board Interpretation, 12 C. F. R., Sections 226.202(b)(c), 34 Fed. Reg. 8698.

The Federal Reserve Board, in its interpretation of Regulation Z specifically excluded from the operation of the rescission portions of the Act and Regulation those confession of judgment clauses which exclude a lien on all residential real estate. The Board provided:

"Confession of judgment clauses and cognovit provisions, which by their terms, exclude a lien on all real property which is used or expected to be used as the principal residence of the customer, would not bring a transaction under the provisions of Section 226.9." Board Interpretation, 12 C. F. R., Section 226.202(d), 34 Fed. Reg. 8698.

The question remains whether there is an effective exclusion of a lien on real property of the defendant resulting from the following part of the confession of judgment clause in the note she signed:

"* * * provided, however, that any judgment obtained against any party to this note under the terms of this confession of judgment clause shall preclude the holder of this note, for so long as such judgment exists, from asserting a lien on any real property which is used or expected to be used as the principal residence of such party."

In Ohio, a judgment becomes a lien upon real estate only if a certificate of judgment is filed in the office of the clerk of the Common Pleas Court of the county in which such land is situated, as provided in R. C. 2329.02, 2329.04 and 2329.05 or upon levy of execution as provided in R. C. 2329.09. Unless such affirmative action is taken by a judgment creditor, his judgment, even though taken on a con-

fession clause in a note, does not become a lien on real estate.

A cognovit note provision, such as the one in this case, which precludes the holder of the note from asserting a lien on real property of the obligor is a covenant that if the holder obtains a judgment he will refrain from taking the further affirmative action necessary to create such lien. Such covenant is valid and enforceable. It effectively excludes a lien on real property used or expected to be used as the principal residence of the obligor by imposing a duty upon the holder which it is in his power to perform.

Plaintiff has met all the requirements of the Truth in Lending Act and by reason of the exclusion of the right to a lien on real property has taken the transaction out of the provisions of Regulation Z with respect to right to rescind and the required notice of such right. *Garza* v. *Chicago Health Clubs* (1971), 329 F. Supp. 936.

Defendant also asserted she had a right to rescind based on an oral agreement that the written contract was to become binding only on the happening of a certain condition. Defendant says she relied on this oral agreement and that it amounted to fraud in the inducement.

The only evidence on this point was defendant's testimony that she told plaintiff's salesman she wasn't sure the ring was right for her husband and when she asked what she should do if her husband didn't like it, he responded, "Bring it back."

In the absence of fraud, duress, undue influence or mistake, one party to a contract cannot rescind it without the consent or agreement of the other, unless the other party is in default.

Under Civ. R. 8(C), fraud in the inducement is such matter constituting an avoidance or affirmative defense which must be set forth in a pleading. Defendant, while not using the word "fraud" in her answer, has set forth an affirmative defense in general terms which must be considered adequate as it gives plaintiff fair notice of the defense.

He who alleges fraud must support his allegation by proof. Where one seeks the cancellation of a promissory

note on the grounds that he was induced to execute the note by a fraudulent representation he must prove such fraud by clear and convincing evidence. In an ordinary action at law for money only based on fraud, a preponderance of the evidence is sufficient to prove such fraud. *Household Finance Corp.* v. *Altenberg* (1966), 5 Ohio St. 2d 190.

In this case the defendant has failed to sustain the burden of proof by either measure of the evidence. Considering all the facts and circumstances presented to the court it is impossible to find, as defendant asks us to do, that the statement allegedly made by Roy's salesman meant that if Mrs. Walker's husband did not like the ring it could be returned at any time, in any condition and the note would be cancelled. Nor can it be found that such a broad representation was fraudulently made with intention to induce Mrs. Walker to buy the ring and sign the note; or that Mrs. Walker was justified in believing the representation was that broad; or that she was justified in relying on such a representation in signing an agreement that made no reference to a provision for return of the ring and cancellation of the obligation.

The alleged representation that Mrs. Walker could "bring it back" if her husband didn't like it is subject to a number of interpretations which would not constitute fraud. It is more reasonable to believe that if such statement was made it meant the ring could be returned in a reasonable time, in unused condition, and exchanged for another.

Since fraud is never presumed, where two constructions are possible, one of which requires a finding of fraudulent intent, and the other permits a conclusion of good faith, the latter interpretation is given effect.

The court finding defendant is not entitled to rescission and that she still owes plaintiff the full amount of the note plus interest as provided therein, judgment is rendered for plaintiff against defendant for the sum of $304 plus interest on the matured part thereof as provided in the note to the date of this judgment together with its costs herein.

*Judgment for plaintiff.*