O'HARE-MIDWAY LIMOUSINE SERVICE, INC., Plaintiff-Appellee, *v.* BARRY R. QUICK, Defendant-Appellant.

Second District (2nd Division)   No. 75-67

Opinion filed April 19, 1976.

Henry T. Synek, of Synek, Bishart & Porikos, of Chicago, for appellant.

Dennis P. Daly, of Daly & Daly, of Waukegan, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant appeals from a judgment following a bench trial granting a permanent injunction enjoining the defendant from engaging in the livery business within a 50-mile radius of O'Hare or Midway Airports for 3 years from January 31, 1974, the date when the defendant terminated his service agreement with plaintiff.

Plaintiff is an operator of a livery service in the northern, western and southwest suburbs of Chicago transporting passengers for hire to and from O'Hare and Midway Airports. On December 19, 1972, plaintiff and defendant executed a written agreement in which defendant agreed that during the effective period of the agreement and for a period of 3 years from the date the contract is terminated by either party "he will not directly or indirectly engage in the livery business or in any business related to the transportation of passengers for hire within a radius of 50 miles of either O'Hare * * * or Midway airports, * * * nor in any manner be connected with any * * * livery * * * or any competitive business * * * engaged in the transportation of passengers by automobile for hire within" that area. The agreement also recited that defendant was an owner of an automobile in which plaintiff then installed its own radio receiving set for the taking and filling of passenger telephone orders for pickup and delivery service. Defendant agreed to pay $41 per month for the use of the radio receiving set to which plaintiff retained title. Defendant agreed that he would be available to furnish such passenger service at reasonable times and plaintiff agreed to pay defendant for his pickup and delivery of passengers or freight 75% of the gross amount charged and paid for such services.

Defendant left plaintiff's employ on January 31, 1974. On the following day pursuant to a prior agreement with one Runnfeldt they formed and conducted a competing business known as Better Service (later changed to Par Better Service Cadillac Limousine, Inc.) within the same area serviced by defendant during the tenure of his agreement with plaintiff. Defendant is a 25% owner of the new firm and also acts as a driver for it. As a driver for plaintiff defendant had kept records of his trips and Runnfeldt testified that prior to terminating their services for plaintiff he and defendant had compiled a list of names, including many customers served by plaintiff, for the purpose of sending announcements or

advertisements to them. Defendant testified that his portion of the list included names of his customers when he operated a laundry and dry cleaning route just prior to becoming engaged with plaintiff. Defendant and Rumnfeldt sent out such advertisements to the mailing list after they formed the competing business. There is evidence that defendant's new business took away several customers from plaintiff including a portion of the business plaintiff had with Baxter Laboratories.

The trial court concluded that the time and territorial limitation of the agreement signed by defendant was not unreasonable and that the agreement was valid and enforceable and granted injunctive relief. Defendant contends that to compel him to live up to the agreement would be a hardship.

There is no merit to defendant's contention. The general rule is that a covenant against competition will be upheld if the restraint is reasonable in terms of time and territory. (See *Vendo Co. v. Stoner*, 105 Ill. App. 2d 261, 281, and cases cited therein, *aff'd*, *Vendo Co. v. Stoner*, 58 Ill. 2d 289.) We conclude, as the trial court did, that the terms of the agreement entered into by the defendant with the plaintiff, were not unreasonable, the agreement is not contrary to public policy, and that no special hardship has been shown that would justify denial of relief. *Canfield v. Spear*, 44 Ill. 2d 49.

The judgment of the circuit court declaring the agreement valid and enforceable is therefore affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.