TOTAL HEALTH PHYSICIANS, S.C., Plaintiff-Appellant, v. JOEL K. BARRIENTOS, Defendant-Appellee.—TOTAL HEALTH PHYSICIANS, S.C., Plaintiff-Appellant, v. RAJENDRA R. SCHROFF, Defendant-Appellee.

Fifth District   Nos. 5—85—0788, 5—85—0789 cons.

Opinion filed December 30, 1986.—Rehearing denied January 28, 1987.

Jack Johnston, of Burnside, Dees, Johnston & Choisser, of Vandalia, for appellant.

Del A. Goldenhersh, of Goldenhersh & Goldenhersh, of Belleville, for appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Total Health Physicians, S.C., has perfected this appeal from an order of the circuit court of Marion County which granted defendants, Joel Barrientos and Rajendra R. Schroff, summary judgments as to count I of plaintiff's complaint. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) The record discloses the following relevant facts.

In 1984, defendants, who were physicians, entered into employment contracts with plaintiff, an Illinois medical corporation doing business in Illinois. These contracts provided that in exchange for compensation and assistance in establishing a medical practice, defendants would provide medical care to patients referred to them

by plaintiff. The contracts further provided that defendants were not to practice medicine on their own, nor were they to practice medicine for any of plaintiff's competitors (*i.e.*, any physician or group of physicians not affiliated with plaintiff) without the express consent of plaintiff. Defendants further agreed that in the event that they were to leave the employ of plaintiff, they would not "engage in or become associated with, directly or indirectly, any business or other activity, either as a stockholder, partner, investor, sole proprietor, agent, employee, or consultant, which is in competition with plaintiff" for a period of three years after termination of their employment with plaintiff. This restriction was applicable to "the counties in which Total Health Physicians, S.C., is operating." Furthermore, each contract provided that such restriction would be released by plaintiff if the departing physician paid plaintiff $50,000.

The record establishes that defendants went to work for plaintiff under these contracts. Defendant Schroff resided in Centralia, Marion County, Illinois, and he performed work under the contract in Salem and Centralia, both in Marion County, Illinois. Dr. Schroff also worked part-time in Vandalia, Fayette County, Illinois. Immediately after defendant Schroff terminated his employment with plaintiff, he set up his own professional practice in Centralia, Illinois. Although defendant Barrientos' county of residence and the counties in which he performed work for plaintiff were not definitively established, his contract with plaintiff was entered into in Marion County, Illinois, for employment in that area. The record established that Barrientos desired to establish his own professional practice in Salem, Centralia, and Mt. Vernon immediately after terminating his employment with plaintiff.

On July 25, 1985, plaintiff filed two three-count complaints which sought: (1) to enjoin defendants from competing with plaintiff, (2) $100,000 in damages from each defendant for wrongful termination of the employment contract, and (3) $250,000 in damages from each defendant resulting from the wrongful conspiratorial acts of defendants in their breach of the employment contracts.

Subsequently, defendants filed motions for summary judgment which alleged that: (1) the covenants not to compete were void and unenforceable because they were vague and ambiguous, and (2) plaintiff was provided with an adequate remedy at law due to the fact that a value ($50,000) had been placed upon each defendant's continued practice in the restricted area during the restricted time. Defendants alleged that, as a consequence, plaintiff's claim for injunctive relief should be denied.

On August 22, 1985, the circuit court granted defendant Schroff's motion for summary judgment and dismissed with prejudice count I of plaintiff's complaint against him. This count sought injunctive relief. On October 30, 1985, the circuit court granted defendant Barrientos' motion for summary judgment as to plaintiff's claim for injunctive relief and clarified its ruling as to both defendants. The court found that although the question of whether there is an adequate remedy at law could not be decided summarily without the reception of additional evidence, the covenants not to compete were void and unenforceable as to count I because they placed an unreasonable geographic restriction upon each defendant's practice of medicine. Plaintiff has perfected the instant appeal from this determination.

The instant contracts unambiguously provide that upon termination of the employment contracts, neither defendant may compete with plaintiff in the counties in which plaintiff is "operating." "Operating" reasonably may be interpreted as meaning (1) where the plaintiff has a corporate office, (2) where any physicians employed by plaintiff are practicing, (3) where plaintiff is soliciting or doing business, and (4) where patients reside who are referred by plaintiff to physicians employed by plaintiff.

Although our courts abhor restraints of trade, a restraint which is reasonable as to time and territory is valid, and injunctive relief to enforce the restraint is both customary and proper. (*Akhter v. Shah* (1983), 119 Ill. App. 3d 131, 134, 456 N.E.2d 232, 235.) The court in *Akhter v. Shah* emphasized the following factors to be considered in determining whether a restraint is reasonable:

"[T]he question of whether a contractual restriction upon the right of a party to practice his profession is reasonable is one of law which must be determined under the particular facts of each case. The following factors will be considered: (1) whether the contract is supported by valuable consideration; (2) whether the restraint imposed is limited or partial; (3) whether the restraint is greater than is necessary to protect the promisee; and (4) whether enforcement of the contract would be injurious to the public or cause undue hardship to the promisor." 119 Ill. App. 3d 131, 134, 456 N.E.2d 232, 235.

There is no doubt that the instant restraints were supported by valuable consideration. Moreover, the restraints were specifically limited to a three-year period and were applicable only in the counties in which plaintiff was operating. It is not contended that enforcement of the restrictions would be injurious to the public. It is conceded that plaintiff furnished defendants with patient lists, referrals, confidential

advertising and marketing techniques, office space, clinical facilities, and supplies. It also assisted defendants in obtaining hospital privileges. These are considerations that the court found relevant in *Canfield v. Spear* (1969), 44 Ill. 2d 49, 254 N.E.2d 433. Additionally, the restriction was required to be waived by plaintiff if defendant paid plaintiff $50,000. Therefore, it may not be said that the contracts place an undue hardship on the promisors (defendants).

This court is required to determine, therefore, whether the instant covenants not to compete are void and unenforceable because they placed unreasonable geographic restrictions upon each defendant's practice of medicine, as found by the trial court. We need not concern ourselves, however, with the determination of whether the restrictions placed upon defendants by the covenants not to compete in the case at bar were unreasonable as to area or lack of specificity as to the area in which the restrictions were to apply. It has long been recognized by the courts of Illinois that if the area covered by a restrictive covenant is found to be unreasonable as to area, it may be limited to an area which is reasonable in order to protect the proper interests of the employer and accomplish the purpose of the covenant. *Barrington Trucking Co. v. Casey* (1969), 117 Ill. App. 2d 151, 253 N.E.2d 36; *Central Keystone Plating of Illinois, Inc. v. Hutchison* (1965), 62 Ill. App. 2d 188, 210 N.E.2d 239; Annot., 61 A.L.R.3d 397, 407 (1975).

An examination of the cases in which a restrictive covenant has been limited to an area less than that covered by the express restriction leads to the conclusion that none more clearly requires such limited application than the case at bar. Defendants do not contend that they innocently opened private medical practices in an area in which they were not aware that plaintiff was operating. To the contrary, they started their private practices in a county in which they knew or should have known plaintiff was operating. By reason thereof, we conclude that the restrictive covenants in the case at bar were applicable to the medical practices established by defendants in the case at bar and that the trial court erred in granting defendants' motions for summary judgment as to plaintiff's claims for injunctive relief.

Although the trial court did not base its grant of summary judgment on such theory, defendants urge on appeal that by virtue of the contract provision permitting the release of the restriction upon the payment of $50,000 to plaintiff by each defendant, plaintiff has an adequate remedy at law and, consequently, injunctive relief is impermissible. The record indicates that this was a privilege extended to defendants which they chose not to exercise. The contract gives plain-

tiff no right to recover such sum.

For the foregoing reasons, the judgment of the circuit court of Marion County in each of the instant appeals is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS, P.J., and WELCH, J., concur.