JOHN N. GILLESPIE, Plaintiff and Counterdefendant-Appellant, v. CAR-BONDALE AND MARION EYE CENTERS, LTD., Defendant and Counterplaintiff-Appellee.

Fifth District   No. 5—93—0031

Opinion filed November 4, 1993.

Michael F. Dahlen and Gary B. Nelson, both of Feirich/Schoen/Mager/Green, of Carbondale, for appellant.

John Womick and Gene A. Turk, Jr., both of Womick & Associates, Chartered, of Carbondale, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

The appellant, Dr. John N. Gillespie, appeals from the trial court's order enforcing a restrictive covenant not to compete. We affirm.

On March 20, 1992, Dr. Gillespie entered into a two-year employment contract with Carbondale and Marion Eye Centers, Ltd. (Eye Center). The contract explicitly included a restrictive covenant prohibiting Dr. Gillespie from practicing ophthalmology within 50 miles of any office of the Eye Center for two years subsequent to the termination of his employment relationship with the Eye Center. However, at the end of his two-year contract term with the Eye Center, the appellant discontinued his employment with the Eye Center and opened his own medical offices in violation of the restrictive covenant.

On June 8, 1992, Gillespie filed a petition for declaratory relief and for an accounting. The Eye Center filed a counterclaim requesting injunctive relief to enforce the restrictive covenant. The trial judge granted Eye Center a modified injunction which prohibited Dr. Gillespie from practicing ophthalmology within a 50-mile radius of the appellee's Carbondale, Marion, Harrisburg, Fairfield, and Carmi offices for a two-year period beginning December 16, 1992.

In Illinois, the trial court has discretion in determining whether to grant an injunction to enforce a restrictive covenant in an employment contract; and the reviewing court shall uphold the order of the trial court unless it is contrary to the manifest weight of the evidence. *Retina Services, Ltd. v. Garoon* (1989), 182 Ill. App. 3d 851.

Because Illinois courts abhor restraints on trade and encourage fair competition, restrictive covenants in employment contracts are carefully scrutinized. (*Callahan v. L.G. Balfour* (1989), 179 Ill. App. 3d 372.) However, such covenants are generally enforced if the conditions of the restrictions are reasonable as to geographic and durational scope of the covenant. *Cockerill v. Wilson* (1972), 51 Ill. 2d 179; *Canfield v. Spear* (1969), 44 Ill. 2d 49; *Total Health Physicians, S.C. v. Barrientos* (1986), 151 Ill. App. 3d 726.

In determining the enforceability of covenants not to compete, Illinois courts have focused on numerous factors, including whether enforcement of the contract would be injurious to the public, whether the employer has a protectable business interest, and whether the durational and geographic scopes of the covenant are reasonable. *Retina Services, Ltd. v. Garoon* (1989), 182 Ill. App. 3d 851; *Akhter v. Shah* (1983), 119 Ill. App. 3d 131.

The appellant contends (1) that the covenant in question is unenforceable because the Eye Center failed to establish a protectable interest in its patients, (2) that the restrictive covenant is void and unenforceable because it is injurious to the public, and (3) that even if enforceable, the covenant is unreasonable in its durational and geographic scope.

We will first address the issue of whether the Eye Center established a protectable business interest which would justify enforcement of the restrictive covenant. The appellant contends that the Eye Center must prove that it had a near permanent relationship with its customers in order to establish a protectable business interest in support of the covenant not to compete.

■ However, in enforcing the covenant, the trial court found that the appellee had satisfied all requirements in *Retina Services, Ltd. v. Garoon*:

> "The Illinois Supreme Court has repeatedly upheld covenants not to compete in medical practice cases without making a specific inquiry into whether the plaintiff has demonstrated a protectable business interest. Notwithstanding the appellate court decisions which have carefully scrutinized whether the plaintiff has shown a protectable interest in cases outside the medical practice area, the Illinois supreme court's consistent enforcement of such covenants in the medical professional field, where the durational and geographic scope is reasonable, demonstrates its recognition that a professional's medical practice is a protectable business interest." *Retina Services, Ltd. v. Garoon* (1989), 182 Ill. App. 3d 851, 856.

Therefore, since the case at bar involves an employment contract between medical doctors with a restriction on the former employee physician's practice of medicine, the appellant's contention that the Eye Center's medical practice is not a protectable business interest is without merit.

The second issue raised on appeal is whether the restrictive covenant was void and unenforceable because it was injurious to the public interest. In addressing this issue, we must first note that the southern Illinois region from which Dr. Gillespie was prohibited from practicing ophthalmology is generally a rural area with few ophthalmology specialists. Evidence presented at trial suggests that the employer, Dr. Ahmad, practiced almost exclusively with his offices and did not perform hospital consultations or answer emergency calls. Therefore, those hospitals that relied on the appellant to treat their patients with eye problems would face the possibility of being unable to provide ad-

equate medical care at a reasonable cost. Enforcing the restrictive covenant could create a shortage of eye specialists in the restricted area and pose a threat of potential harm to the public health. Such a shortage of specialists could also result in a monopoly for the Eye Center in the restricted area.

■ However, despite these possible harmful results, the Illinois Supreme Court has held that such restrictive covenants between medical doctors are not detrimental to the public interest because the restricted doctor can be just as useful to the public in another location outside the restricted area; and the physician can always resume his practice in the restricted zone once the time duration of the covenant not to compete has expired. (*Canfield v. Spear* (1969), 44 Ill. 2d 49; see also *Vascular & General Surgical Associates, Ltd. v. Loiterman* (1992), 234 Ill. App. 3d 1.) Further, the Illinois Supreme Court has suggested that where there is a shortage of medical professionals, young doctors will migrate to that area to alleviate the shortage. (*Canfield v. Spear* (1969), 44 Ill. 2d 49.) Therefore, though this court recognizes the possible adverse effects that enforcement of this restrictive covenant could have on the public, we rely upon the earlier decision of our supreme court and conclude that the trial court did not abuse its discretion in finding that the restrictive covenant was not void or unenforceable as injurious to the public interest.

Finally, we look at the third issue raised on appeal, whether the durational and geographic scopes of the covenant were unreasonable. The restrictive covenant contained within the employment contract prohibited Dr. Gillespie from practicing ophthalmology within a 50-mile radius of any of the Eye Center clinics for a period of two years following the termination of his employment with the Eye Center. The trial court held that the covenant was valid and enforceable but found the territorial limitation to be overbroad. Therefore, the trial court enforced a modified covenant, which prohibited Dr. Gillespie from practicing within a 50-mile radius of the appellee's Carbondale, Marion, Harrisburg, Fairfield, and Carmi offices (those locations where the appellant had actually practiced ophthalmology) for a two-year period commencing December 16, 1992.

Judicial modifications of covenants have previously been approved:

"It has long been recognized by the courts of Illinois that if the area covered by a restrictive covenant is found to be unreasonable as to area, it may be limited to an area which is reasonable in order to protect the proper interests of the employer and accomplish the purpose of the covenant." (*Total Health Physicians, S.C. v. Barrientos* (1986), 151 Ill. App. 3d 726, 730.)

The appellant, however, argues that the covenant, as modified, is unreasonable as to time and territory limitations. We disagree.

The Illinois Supreme Court has found various geographic and time limitations to be reasonable in medical practice cases, including an unlimited time prohibition from practicing medicine in the entire City of Chicago. (*Storer v. Brock* (1933), 351 Ill. 643.) The only noncompetitive covenant in a medical practice case found by our supreme court to be unreasonable involved an unlimited time restriction from practicing medicine within 30 miles from any of plaintiff's offices, which included a Highland Park office 23 miles north of Chicago and a Waukegan office 35 miles north of Chicago. *House of Vision, Inc. v. Hiyane* (1967), 37 Ill. 2d 32; see also *Retina Services, Ltd. v. Garoon* (1989), 182 Ill. App. 3d 851.

■ The case at bar differs from *House of Vision* in that the restricted area in this case is a rural region and thus may require a broader geographic limitation in order to give effect to the covenant. Furthermore, the covenant enforced against Dr. Gillespie is limited in duration to a two-year period. Therefore, following the reasoning of the supreme court in previous medical practice cases, we find that the defendant could practice elsewhere and could resume practice in the area after the restricted period has ended. See *Bauer v. Sawyer* (1956), 8 Ill. 2d 351; *Canfield v. Spear* (1969), 44 Ill. 2d 49.

Given previous case law and the specific facts involved in the case at bar, we conclude that the trial court did not abuse its discretion in finding that the modified covenant imposed against the appellant was reasonable in its geographic and durational scope and was valid and enforceable.

We, therefore, affirm the decision of the trial court, enjoining Dr. Gillespie from practicing ophthalmology within a 50-mile radius of the Eye Center's Carbondale, Marion, Harrisburg, Fairfield, and Carmi offices for a two-year period, commencing on December 16, 1992.

Affirmed.

LEWIS and MAAG, JJ., concur.