(No. 22735.—

Dr. Allison, Dentist, Inc., Appellant, *vs.* John T. Allison, Appellee.

*Opinion filed June 14, 1935.*

AARON SOBLE, (IRVING GOODMAN, of counsel,) for appellant.

E. W. CLARK, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

The plaintiff, Dr. Allison, Dentist, Inc., a corporation, by its complaint in equity seeks to enjoin the breach of negative covenants in a contract between it and John T. Allison, a dentist who is practicing in the city of Chicago. The plaintiff corporation was. organized in 1932, and the week before its incorporation, in anticipation thereof, had secured in its behalf an agreement from the defendant that he would not practice operative dentistry for a period of three years at any place within two miles of the corporate location. Shortly after the corporation was formed this agreement was breached by the defendant, who opened a dental office and started to practice his profession directly across the street from the corporate dental parlors.

The complaint filed in the circuit court, after setting forth the facts as to the plaintiff's incorporation and the making of the contract, alleged that it had built up a profitable "dental business" and that the name "Allison" had become one of its valuable assets, and that the defendant has solicited the patrons of the plaintiff and has taken away its business. It is alleged that as a result of the defendant's competition the plaintiff is losing its business and patronage, and that it will suffer irreparable damages and injury in its practice and business unless the nega-

tive covenants of the defendant are enforced by enjoining their breach.

The defendant filed a motion to dismiss upon the grounds (1) that the plaintiff does not come into equity with clean hands; (2) that the plaintiff is practicing dentistry in violation of the statute; (3) that the agreement was without consideration; and (4) that equity will not grant injunctive relief to enforce such an agreement.

The master in chancery to whom the cause was referred made his findings upon the sworn complaint and motion without hearing testimony. It was his conclusion that the plaintiff was illegally practicing dentistry, that the plaintiff's claim for injunction was not such as to appeal to the conscience of a court of equity, that the plaintiff's only damage shown by the bill would arise out of competition in a line of business which the plaintiff could not lawfully follow, and that the bill should be dismissed for want of equity. These conclusions of the master were confirmed by the court and a decree was entered in accordance therewith. An appeal is prosecuted directly to this court, it being contended that section 18$a$ of the Dental Practice act of 1933, which prohibits corporations from practicing dentistry, is unconstitutional.

Although the plaintiff seeks to justify its claim to enforcement upon the ground that it could lawfully own and rent dental parlors to others, it is nevertheless apparent from a reading of the bill that the master's conclusions were entirely correct and that the only damages feared by the plaintiff were in the field of practicing operative dentistry. The bill alleges that it is "operating" a dental office; that it has built up a "valuable, profitable and growing dental business; * * * that the defendant, Allison, performed dental services for the patients and customers who patronized the dental parlors of plaintiff corporation; * * * that defendant was employed as a duly licensed dentist by plaintiff corporation * * * to work in plain-

tiff's dental parlors; \* \* \* that the defendant acquired secret and confidental information in regard to the patients of plaintiff corporation; \* \* \* that by his opening an office of his own doubt and uncertainty has been raised in the minds of the public and customers of plaintiff corporation." It is alleged that the defendant has solicited "patrons" of the plaintiff corporation, and that he is "engaged in direct competition with the corporation and is causing great injury to its business." Other allegations of the complaint might be quoted, but enough has been said to indicate the general character of the plaintiff's pleading.

A suit to enjoin the violation of negative covenants is tantamount to one for specific performance and is governed by the same rules. (*Ulrey* v. *Keith*, 237 Ill. 284.) It is a form of relief not granted as an absolute right but depends upon certain rules and principles applicable to the facts and circumstances of each case. (*Bauer* v. *Lumaghi Coal Co.* 209 Ill. 316.) We feel that a proper application of these well-known rules determines all the issues in this case without considering the constitutionality of section 18*a* of the Dental Practice act.

As above pointed out, the gist of the plaintiff's complaint and its claim to equitable relief is based upon damages alleged to be feared through the defendant's competition in practicing dentistry. The practice of a profession is everywhere held to be subject to licensing and regulation under the police power and not subject to commercialization or exploitation. (*Dent* v. *West Virginia*, 129 U. S. 114; *Hawker* v. *New York*, 170 id. 192; *Parker* v. *Board of Dental Examiners*, 216 Cal. 285, 14 Pac. (2d) 67; *People* v. *Peoples Stock Yards State Bank*, 344 Ill. 462.) To practice a profession requires something more than the financial ability to hire competent persons to do the actual work. It can be done only by a duly qualified human being, and to qualify something more than mere knowledge or skill is essential. The qualifications include

personal characteristics, such as honesty, guided by an upright conscience and a sense of loyalty to clients or patients, even to the extent of sacrificing pecuniary profit, if necessary. These requirements are spoken of generically as that good moral character which is a pre-requisite to the licensing of any professional man. No corporation can qualify. It can have neither honesty nor conscience, and its loyalty must, in the very nature of its being, be yielded to its managing officers, its directors and its stockholders. Its employees must owe their first allegiance to their corporate employer and cannot give the patient anything better than a secondary or divided loyalty. (*Parker* v. *Board of Dental Examiners, supra.*) In the eighth paragraph of its complaint the plaintiff states that the defendant has acquired secrets and confidential information in regard to the patrons of the plaintiff corporation. It might well be inquired, In whom are these personal secrets reposed when a corporation attempts to practice? Can it be in the president, alone, or is he under the corporate duty of disclosing them to his directors? And are the directors under the further corporate duty of disclosing them to stockholders? This very allegation of the plaintiff clearly demonstrates the inappropriateness of any corporate attempt to practice one of the learned professions, involving personal and confidential relations, and most clearly demonstrates that such a practice is not and cannot be open to commercial exploitation.

The plaintiff failed to present any grounds appealing to the conscience of a court of equity. Its corporate charter did not and could not authorize it to practice dentistry, and the trial court quite properly dismissed the complaint.

The decree will be affirmed. *Decree affirmed.*