(No. 44087.—

VERNON L. COCKERILL, Appellee, v. LARRY E. WILSON, Appellant.

*Opinion filed March 30, 1972.*

LEWIS, BLICKHAN, GARRISON & TUCKER, of Quincy, for appellant.

FOREMAN, RAMMELKAMP, BRADNEY & HALL, of Jacksonville (ALBERT W. HALL and THEODORE C. RAMMELKAMP, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This case involves a suit for an injunction to enforce a restrictive covenant in a contract whereby two doctors of veterinary medicine agreed to form an association for the practice of that profession in Rushville, Illinois. The circuit court of Schuyler County granted the injunction and enjoined the defendant from practicing his profession and engaging in certain business activities in violation of the agreement. The appellate court modified the decree and permitted the defendant to practice veterinary medicine within the proscribed area but held that the defendant's office clinic or professional facility had to be located outside of the restricted area. (*Cockerill v. Wilson, 130 Ill. App.2d 679, 265 N.E.2d 514.*) We granted the plaintiff leave to appeal from the appellate court decision.

In 1958 plaintiff, Dr. Vernon L. Cockerill, took over an established practice of veterinary medicine from another veterinarian in Rushville, Illinois. He practiced as a sole practioner until 1965 when he engaged the services of the defendant, Dr. Larry E. Wilson, who had been licensed to practice veterinary medicine a little more than a year prior

to that date. Before starting his employment with Dr. Cockerill the defendant was a total stranger to the Rushville area. In 1966 Dr. Cockerill and Dr. Wilson entered into an agreement for the formation of an association for the practice of veterinary medicine. The effective date of this agreement was January 1, 1967. In the agreement the plaintiff, Dr. Cockerill, agreed that Dr. Wilson would receive 1/3 of the net profits from the practice with a guaranteed annual salary of $10,000. The agreement also contained the following restrictive language:

> "That the associate, Dr. Larry E. Wilson, hereby covenants and agrees that in the event he voluntarily or involuntarily leaves this association that he will not, for a period of five (5) years from the date said association is terminated, practice veterinary medicine, operate an animal health supply store or operate a small animal clinic, individually or in association or employment of others within a radius of thirty (30) miles from Rushville, Illinois."

The agreement further provided that it could be terminated by the plaintiff by the giving of 30-days' notice and by the defendant by the giving of 90-days' notice. The agreement was terminated by the plaintiff, Dr. Cockerill, at the end of January, 1968. Following the termination of the association, plaintiff, Dr. Cockerill, instituted this suit to enjoin the defendant, Dr. Wilson, from violating the terms of the restrictive covenant. The plaintiff later amended the prayer of his complaint reducing the radius of the area affected from 30 miles as provided in the covenant to 20 miles.

In the trial court defendant contended that the covenant was unenforceable for several reasons including lack of mutuality of the agreement, breach of the agreement by the plaintiff and the unreasonableness of the restraint. Extensive testimony was heard concerning the

territory that had been served by the plaintiff and the defendant practicing together, the number of veterinarians serving the area and the need for veterinary services. There was also considerable evidence offered concerning whether the plaintiff had violated the agreement. The trial court found the issues in favor of the plaintiff and enjoined the defendant in the language of the covenant except that the territory was reduced to a radius of 20 miles as plaintiff had prayed. The appellate court also found the issues in favor of the plaintiff and found the covenant to be enforceable but construed the covenant as only requiring that the defendant must locate his place of business outside the 20 mile radius. The opinion stated that prohibiting the defendant from practicing his profession within the territory but from a professional facility outside of the territory is not indicated to be required by the covenant nor to protect any reasonable interest of the plaintiff as shown by the record.

Plaintiff has been granted leave to appeal to this court from the decision of the appellate court and here points out that the defendant's sole contention in the trial court was that the covenant was unenforceable and that this was likewise defendant's contention in the appellate court. At no time did the defendant seek a construction of the covenant which would permit him to service clients in the proscribed territory from a facility located outside the territory. Plaintiff cites *Blanchard v. Lewis (1953), 414 Ill. 515,* wherein it was contended that an unsolicited construction of an agreement by the appellate court injected a new issue into the case against which the opposing party had had no opportunity to defend. This court held in *Blanchard* that the appellate court is subject to the same limitation as the litigants who cannot try the case on one theory in the trial court and another in the reviewing court. Pursuant to the provisions of rules of this court adopted since *Blanchard* the broad statement in that case has been narrowed by the decision of this court in *Hux v.*

*Raben (1967), 38 Ill.2d 223.* Construing the provisions of Rule 341(e)(7) (43 Ill.2d R. 341(e)(7)) and Rule 366(a)(5) (43 Ill.2d R. 366(a)(5)) the court concluded: "These provisions recognize that the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system." (38 Ill.2d 223, 225.) Rule 341(e)(7) provides: "Points not argued are waived ***." Rule 366 provides: "(a) *Powers.* In all appeals the reviewing court may, in its discretion, and on such terms as it deems just, *** (5) give any judgment and make any order that ought to have been given or made***." The court however recognized limitations on the conclusion it reached by stating that an appellate court should not consider different theories or new questions if proof might have been offered to refute them had they been presented at trial.

We believe that no issue concerning the construction of the covenant having been raised in the trial court or in the appellate court, that court on review should not have undertaken to construe the meaining of the covenant. There was no apparent disagreement as to the meaning of the covenant. Had such an issue been raised the plaintiff would have had an opportunity to refute the defendant's contention.

The question raised in the trial court and in the appellate court as to the limitation was whether the radius and time period were greater than necessary to protect the plaintiff. If the appellate court thought the radius of the territory was greater than necessary to protect the plaintiff, then it would have been justified in finding the limitation unreasonable and unenforceable. See Restatement of Contracts, secs. 515 and 516 (1932).

Covenants such as the one here under consideration and involving performances of professional services have been held valid and enforceable when the limitations as to

time and territory are not unreasonable. *(Canfield v. Spear (1969), 44 Ill.2d 49; Bauer v. Sawyer (1956), 8 Ill.2d 351; Storer v. Brock (1933), 351 Ill. 643.)* In determining the reasonableness of the restriction, the injurious effect thereof upon the general public must be considered as well as any undue hardship upon the promisor and the need for the protection of the limitation by the promisee. Both the trial court and the appellate court were satisfied that no injurious effect was imposed upon the general public by these limitations and that no undue hardship was imposed upon the defendant. Since there was substantial evidence to support these conclusions we will not disturb them. The appellate court while construing the covenant as not prohibiting the practice of veterinary medicine within the area from a facility located outside the 20-mile radius also stated that it was not indicated that the need for the protection of the plaintiff required that the defendant be prohibited from practicing within the 20-mile radius. In considering this issue we must consider that the interest plaintiff sought to protect by the covenant was his interest in his clients. *(House of Vision, Inc. v. Hiyane (1967), 37 Ill.2d 32.)* In bringing the defendant into the association plaintiff was thereby bringing him in contact with a clientele which plaintiff had established over a period of years. Plaintiff was naturally interested in protecting his clients from being taken over by defendant as a result of these contacts. The protection of this asset is recognized as a legitimate interest of an employer. See Annot., 43 A.L.R.2d 94, at 117.

The evidence indicates that plaintiff had clients scattered throughout the 20-mile radius who were served by both bringing small animals to the clinic and by having the animals treated on the farms in the area. One may be engaged in the practice of veterinary medicine within the territory when he administers to a sick animal on a farm as well as when he does the same at a clinic. The covenant specifically prohibits three areas of activity within the

territory described: (1) practicing of veterinary medicine, (2) operating an animal health supply store, and (3) operating a small animal clinic. The construction placed on this covenant by the appellate court prohibits only the last two and does not prohibit the first if it is carried on from a base of operation outside of the territory. It is not uncommon today to see traveling veterinary clinics in the form of small trucks well equipped with supplies and medicine. A veterinarian so equipped can service a substantial area, keeping in contact with his base of operations and receiving directions as to calls which he should make by the use of a two-way radio. Such an operation would be permissible under the construction of the appellate court and the defendant could thereby service a substantial part of the territory included within the restricted covenant as long as his office was located outside of the proscribed territory. Under the appellate court's construction he would not be in violation of the covenant. Such a construction would not afford the plaintiff the protection of his interest in his clients which he sought through the use of the restrictive covenant and to which the defendant agreed.

We are of the opinion that in order to afford the plaintiff the protection which he sought the plain meaning of the language of the covenant must be given effect and the defendant must be prohibited from practicing veterinary medicine *within* the 20-mile radius. The judgment of the Appellate Court, Fourth District, is reversed in part and the decree of the circuit court of Schuyler County is affirmed.

*Appellate court reversed in part;*
*circuit court affirmed.*