Dear Mr. Butler:
This opinion is issued in response to your request concerning the following question:
 "May a person or entity other than a dentist who is duly registered and currently licensed by the State of Missouri have partial or full ownership in a dental practice or corporation (established under the provisions of either Chapter 351 or 356 RSMo) organized for the purpose of engaging in the practice of dentistry in the State of Missouri?"
Historically, corporations have not been legally permitted to practice a profession such as medicine, law or dentistry because the state only examines and licenses natural persons.People by Kerner v. United Medical Service, 362 Ill. 442,200 N.E. 157 (1936); Parker v. Board of Dental Examiners, 216 Cal. 285,14 P.2d 67 (1932); Attorney General's Opinion No. 133, Fulkerson, 3/6/70 (copy enclosed).
The case of Dr. Allison, Dentist, Inc. v. Allison, 360 Ill. 638,196 N.E. 799 (1935), is in point and holds that the practice of a profession is subject to licensing and regulation and should not be commercialized. The court stated:
 ". . . To practice a profession requires something more than the financial ability to hire competent persons to do the actual work. It can be done only by a duly qualified human being, and to qualify something more than mere knowledge or skill is essential. . . . No corporation can qualify. . . ." Id. at 800.
In Parker v. Board of Dental Examiners, supra, it was held that a corporation or an unlicensed person may not manage, conduct or control the business side of the practice of dentistry. The court said:
 ". . . If the contention of appellant be sound, then the proprietor of the business may be guilty of gross misconduct in its management and violate all standards which a licensed dentist would be required to respect and stand immune from any regulatory supervision whatsoever. His employee, the licensed dentist, would also be immune from discipline upon the ground that he was but a mere employee and was not responsible for his employer's misconduct, whether the employer be a corporation or a natural person. . . ." Id. at 72.
See Garcia v. Texas State Board of Medical Examiners,384 F. Supp. 434 (1974).
In order to permit professionals to reap the benefits of a corporate existence, state legislatures, including the Missouri General Assembly, enacted legislation authorizing the establishment of professional corporations. See Chapter 356, RSMo 1978. Under Missouri law a corporation may be organized under the Professional Corporation Law for the purpose of delivering the type of professional service rendered by a licensed dentist. Section 356.040, RSMo.
A corporation organized under the Professional Corporation Law may issue shares of its capital stock only to individuals who are licensed to practice the profession. Section 356.070, RSMo. Therefore, part of the question submitted in the opinion request can be immediately answered. A non-dentist may not own any shares of stock in a corporation organized pursuant to the provisions of Chapter 356, RSMo.
The question whether a non-dentist may own shares of stock in a Chapter 351 corporation practicing dentistry cannot be answered without initially resolving the more difficult question of whether a corporation may even be organized to practice dentistry under the General and Business Corporation Law of Missouri, Chapter 351, RSMo.
Section 351.020, RSMo, provides that a corporation may be organized under the General and Business Corporation Law for any lawful purpose. Consequently, the crucial question is whether a corporation organized under this law to practice dentistry would be a corporation organized for a lawful purpose, that is, a purpose which is consistent with the laws regulating the practice of dentistry. The laws regulating the practice of dentistry are set forth in Chapter 332, RSMo.
The practice of dentistry is defined by Section 332.071, RSMo, which states in part:
 "A person or other entity `practices dentistry' within the meaning of this chapter who:
 "(1) Undertakes to do or perform dental work or dental services or dental operations or oral surgery, by any means or methods, gratuitously or for a salary or fee or other reward, paid directly or indirectly to him or to any other person or entity:
* * *
 "(11) Directly or indirectly owns, leases, operates, maintains, manages or conducts an office or establishment of any kind in which dental services or dental operations of any kind are performed for any purpose; but this section shall not be construed to prevent owners or lessees of real estate from lawfully leasing premises to those who are qualified to practice dentistry within the meaning of this chapter;"
Under subsection (11) of Section 332.071, it is clear that if a Chapter 351 corporation holds title to an office or place of business in which the practice of dentistry is conducted, the corporation is practicing dentistry. Provisions resembling subsection (11) have been repeatedly upheld by courts in other states. See State of Washington v. Boren, 36 Wn.2d 522,219 P.2d 566 (1950) Furthermore, it is a well settled rule of law that a stockholder in a corporation has no legal title to its property. Legal ownership remains in the corporation, not in the shareholder. Terry v. Reciprocal Exchange, et al., 268 S.W. 421, 424 (St.L. Ct.App. 1925). Therefore, even if a dentist is the sole shareholder of a Chapter 351 corporation which owns the office in which the dentist as an employee provides dental services, the corporate entity is engaged in the practice of dentistry.
An early Missouri case relevant to this opinion request isState ex inf. Sager v. Lewin, et al., 106 S.W. 581 (St.L. Ct.App. 1907), which held that a corporation seeking "to furnish treatment for hernia and medical and surgical treatment for all other diseases, accidents and deformities" was not practicing medicine. This case is clearly distinguishable because neither ownership nor management of a doctor's office were defined as the practice of medicine at the time of the court decision. In reaching its decision, the court said that the Lewin Hernia Cure Company was only contracting with licensed physicians to render medical services as would a properly constituted hospital.
Another Missouri case of relevance to this question, isState ex inf. McKittrick v. Gate City Optical, et al., 97 S.W.2d 89
(Mo. banc 1936), which involved a quo warranto suit filed against Sears Roebuck Co. and its lessee for establishing an optical department which employed optometrists to manage the department and examine the eyes of potential eyeglass customers. The court held that the respondents were not practicing optometry without a license; however, this case must also be distinguished because the court relied upon an unqualified exemption provision in the statutes governing the practice of optometry. No such exemption provision exists in Chapter 332, RSMo.
Sections 332.081 and 332.111, RSMo, provide that no one shall practice dentistry in Missouri unless duly registered and licensed as a dentist as provided by law. Section 332.131, RSMo, sets forth certain qualifications for registration and licensure as a dentist in Missouri:
 "Any person who is at least twenty-one years of age, of good moral character and reputation, who is a graduate of and has a degree in dentistry from an accredited dental school, and who is a citizen of the United States of America may apply to the board for examination and registration as a dentist in Missouri."
Sections 332.141-332.161, RSMo, describe the information which must appear on a person's application for registration and explain the examination process. Although legally a person, a corporation cannot demonstrate it is of good moral character or a graduate of an accredited dental school; nor can any corporation take a dental board examination. Statutes forbidding the practice of dentistry by unlicensed persons and establishing the above prerequisites for licensure manifest a legislative intent that licenses should only be issued to natural persons. Without specific statutory authorization, no corporation can meet the requirements essential to the issuance of a license or be exempted from such requirements. As indicated above, the Professional Corporation Law was established to overcome this disability.
No statutory language exempting dentists practicing as a Chapter 351 corporation currently exists. Consequently, it is apparent that the General and Business Corporation Law of Missouri in authorizing the formation of corporations for any lawful purpose does not purport to include the purpose of rendering the type of professional service provided by a licensed dentist.
It may be argued that Section 332.321.2(6), RSMo, by indirection permits a Chapter 351 corporation to practice dentistry. This section states in pertinent part:
 "2. Unprofessional or dishonorable conduct in the practice of dentistry shall include the following:
* * *
 "(6) Accepting or tendering or paying `rebates' to or `splitting fees' with any other person; provided, however, that nothing herein shall be so construed as to make it unlawful for a dentist practicing in a partnership or as a corporation from distributing profits in accordance with his stated arrangement;" [emphasis added]
The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. State v. Kraus,530 S.W.2d 684, 685 (Mo. banc 1975). In interpreting a statute, the language is to be harmonized if at all possible. Owen v.Riffie, 323 S.W.2d 765 (Mo. 1959). The interpretation should avoid an absurd result. State ex rel. Dravo Corp. v. Spradling,515 S.W.2d 512 (Mo. 1974). The above provision was enacted in 1969, subsequent to the enactment of the Professional Corporation Law. The most reasonable interpretation of the reference to a dentist practicing "as a corporation" is that the language merely recognizes the existence of Chapter 356 and presumes that any corporation practicing dentistry is legally authorized to do so. Such an off-hand reference could not have been intended to authorize the practice of dentistry by any corporate entity without restrictions on who could own stock or manage and operate the practice. Surely this provision was not intended to allow a non-professional with only a profit motive to control a corporate dental practice when such activity is clearly forbidden if there exists no corporate entity.
Therefore, since it is apparent that a Chapter 351 corporation cannot be lawfully established for the purpose of practicing dentistry, it is unnecessary to address the question of whether a non-dentist can own shares of stock in such a corporation.
CONCLUSION
It is the opinion of this office that a person or entity other than a dentist duly registered and currently licensed by the State of Missouri cannot own any interest in a corporation organized for the purpose of engaging in the practice of dentistry and a Chapter 351, RSMo, (General and Business) corporation cannot be lawfully established for the purpose of engaging in the practice of dentistry.
The foregoing opinion which I hereby approve, was prepared by my assistant, Jerry Short.
Sincerely,
 JOHN ASHCROFT Attorney General