Robert A. RYAN, M. D., S. C., Plaintiff,

v.

Gabriel MOONEY, Defendant.

No. 80 C 5353.

United States District Court,
N. D. Illinois, E. D.

Oct. 29, 1980.

Peter V. Fazio, Jr., Reuben A. Bernick, Thomas P. Luning, Schiff, Hardin & Waite, Chicago, Ill., for plaintiff.

Thomas J. Braham, Hogan, Byrne & Braham, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Robert A. Ryan, M.D., S.C., an Illinois professional corporation,[1] filed this action against Gabriel Mooney ("Dr. Mooney") alleging violation of a covenant not to compete contained in the employment contract Drs. Ryan and Mooney entered into in January 1979. Dr. Ryan has moved for preliminary and permanent injunctions, the only specific relief sought in the Complaint. After removing the action to this Court on diversity of citizenship grounds, Dr. Mooney has filed a Motion To Dismiss the Complaint. For the reasons stated in this memorandum opinion and order, Dr. Ryan's motion for preliminary injunction and Dr. Mooney's motion to dismiss are both denied.

*Facts*

For purposes of these motions, all well-pleaded allegations of Dr. Ryan's verified Complaint must be taken as true, and no other claimed facts can be taken into

---

1. Plaintiff is a one–doctor professional corporation. For convenience it will be referred to as "Dr. Ryan," after its sole shareholder.

account.[2] Dr. Ryan has operated a medical practice specializing in plastic and reconstructive surgery in Waukegan, Illinois at all times relevant to this action. On January 15, 1979 Dr. Ryan entered into a contract (the "Contract") with Dr. Mooney, a physician specializing in the same general field, for Dr. Mooney's employment at a monthly salary of $5,000 plus other benefits. Paragraph 10 of the Contract provides:

> 10. AGREEMENT NOT TO COMPETE. Employee agrees that for a period of two (2) years after the date of termination of his employment, he will not engage in or become associated with, directly or indirectly, any business or other activity, either as stockholder, partner, investor (other than in a publicly held corporation in which he is not an officer, director or employee), sole proprietor, agent, employee or consultant, which is in any way competitive with the business of the Employer, it being intended by the parties that for the agreed period Employee will perform no act which may confer any competitive benefit or advantage upon any enterprise competing with the Employer. The Employer is actively engaged in the practice of medicine, and specifically in the practice of plastic surgery in the territory hereinafter specified, and it is therefore agreed that the foregoing restrictions shall be operative only in that territory and not elsewhere. The territory covered by this paragraph consists of that territory in any direction which is within 30 miles of the city limits of Waukegan, Illinois. The parties acknowledge that if Employee breaches any of the provisions of this paragraph 11, the Employer will suffer damages in an amount which will be difficult to as-

certain with any degree of certainty. Accordingly, the parties hereby agree to fix the amount of such damages in advance. With this in mind, the parties hereby agree that in the event the Employee breaches any of the provisions of this paragraph 11, the Employee shall pay to Employer, as liquidated damages for such breach, the sum of Sixty Thousand Dollars ($60,000.00).

On September 1, 1980 Dr. Mooney tendered his resignation to Dr. Ryan to be effective September 30. Dr. Mooney has since entered into the practice of plastic and reconstructive surgery at another office in Waukegan, openly soliciting Dr. Ryan's patients. Dr. Ryan claims that by so doing Dr. Mooney is violating his noncompetition agreement under Paragraph 10. Although Dr. Ryan does ask for "such other additional relief as seems just and equitable," the Complaint's only specific prayer is for injunctive relief; no prayer for liquidated damages is included.

Dr. Mooney's Motion To Dismiss is predicated on a number of grounds that may be categorized as follows:

1. For a number of reasons, the Contract is allegedly unenforceable: (a) Dr. Mooney was not licensed to practice medicine in Illinois at the date the contract was executed, *Tovar v. Paxton Community Memorial Hosp.*, 29 Ill.App.2d 218, 330 N.E.2d 247 (1975); (b) Dr. Mooney was fraudulently induced to enter into the Contract; (c) Dr. Ryan breached the Contract, excusing Dr. Mooney of any duties thereunder; and (d) the Contract was superseded by a new agreement dated February 26, 1980 that did not contain a covenant not to compete.

2. Because Dr. Mooney sub–specializes in microvascular and microneural surgery,

---

**2.** Although Dr. Mooney invoked this Court's jurisdiction by removal of this action, he has wholly ignored proper federal procedures in connection with his motion. It does not engage in the microsurgery that Dr. Mooney practices in his professional life, instead asserting a melange of arguments and defenses suitable for a hearing on the merits but not for a Rule 12(b)(6) motion. It is of course true that proper affidavits may be used to convert such a

motion into one for summary judgment under Rule 56. However, Dr. Mooney's "verification" of his motion ("the representations made therein are true to the best of his knowledge and belief") is plainly inadequate for that purpose, both because of its technical inadequacy as a verification and because the matters stated are conclusory and argumentative rather than *facts* to which Dr. Mooney would be competent to testify.

an area in which Dr. Ryan is allegedly unqualified to practice, Dr. Ryan should be estopped to prosecute this action. *Dr. Allison, Dentist, Inc. v. Allison*, 360 Ill. 638, 196 N.E. 799 (1935).

3. Because only one other physician sub–specializing in those fields practices in the geographical area covered by the Paragraph 10 covenant, it would be violative of public policy to deny residents in that area access to Dr. Mooney's services.

4. Under Illinois law, the Paragraph 10 covenant is unenforceable because it is too broad both as to duration and as to the geographical scope of its coverage.

5. Paragraph 10's liquidated damages provision provides Dr. Ryan an adequate remedy at law, foreclosing the injunctive relief sought in this action.

### Dr. Mooney's Motion To Dismiss

■ This Court of course is bound by the familiar teaching of *Conley v. Gibson*, 355 U.S. 41, 46–47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), when ruling on a motion to dismiss:

[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Dr. Mooney has plainly failed to meet his *Conley* burden here, particularly in view of the facts stated in footnote 2 to this opinion. As to the first congeries of claimed grounds for dismissal, no supportive facts are properly before this Court. Even if they were, it is plain that each issue Dr. Mooney raises is in dispute. Thus viewing the allegations as *Conley* teaches (in the light most favorable to the party opposing the motion), each issue *could* be resolved in favor of Dr. Ryan.[3] Accordingly, that group of grounds is insufficient to justify dismissal. Dr. Mooney's second, third and fourth grounds for dismissal may be disposed of in a similar fashion. Each involves issues proper for decision only upon resolu-

tion of a number of factual issues now in dispute, such as the general scope and nature of both Dr. Ryan's and Dr. Mooney's practice and the particular applications of Dr. Mooney's sub–specializations. Finally, the liquidated damages issued posed by Dr. Mooney's fifth ground cannot justify dismissal. Even if Dr. Mooney's argument is sound (a question discussed in the next section of this opinion), it goes only to the propriety of the injunctive *remedy* and not to the sufficiency of the Complaint to state a cause of action. It is hornbook law that the prayer for relief is not an integral part of the cause of action.

Accordingly Dr. Mooney's motion to dismiss the Complaint must be denied.

### Dr. Ryan's Motion for a Preliminary Injunction

■ All of Dr. Mooney's grounds for opposing injunctive relief, save only the legal arguments based on the Contract's liquidated damages provision, are subject to the same comments as made in the preceding section regarding the state of the record. Consequently this Court can look only at the Complaint (including the Contract) for that purpose.

This case is illustrative of the fundamental difficulties generated by the *Erie v. Tompkins* doctrine, as portrayed so powerfully in Professor Crosskey's monumental *Politics and the Constitution* (1953). Although injunctive relief is the quintessential exercise of equity jurisdiction, invoking the conscience of the chancellor, this Court must simply act as a conduit for the application of Illinois law—projecting what an Illinois chancery judge is likely to have done with the case, rather than exercising its own independent equitable judgment. We turn to that derivative task.

Both parties seek to rely on *Bauer v. Sawyer*, 8 Ill.2d 351, 134 N.E.2d 329 (1956), in which the Illinois Supreme Court upheld injunctive relief in a medical partnership context reasonably analogous to that of this

---

**3.** *Tovar*, cited by Dr. Mooney for the proposition that his failure to be licensed in Illinois at the time the Contract was executed renders the

Contract unenforceable, involved facts plainly distinguishable from this case.

case, even though a clause in the partnership agreement provided for a specific monetary "settlement" if the non–competition covenant was violated. Dr. Ryan points to language in *Bauer*, 134 N.E.2d at 333, overruling a prior Illinois Supreme Court decision that had held a provision for liquidated damages would by definition bar injunctive relief as a matter of law. Dr. Mooney correctly points out that Dr. Ryan's reading of *Bauer*, essentially that a liquidated damages clause does not in any event preclude injunctive relief, is too broad.

In *Bauer* the Illinois Supreme Court confirmed that (134 N.E.2d at 332):

> Of course an agreement may be so formulated as to give an option to perform the contract or pay the stipulated damages.

But it held that in the case before it "the entire agreement indicates the intention of the parties that the covenant restricting the future activities of a former partner was intended to be enforced." From that and all other aspects of the *Bauer* opinion it is plain that the Illinois Supreme Court viewed the issue as one (as is universally true in contract cases) of the *intention* of the contracting parties.[4] It was clearly *not* the Court's holding that injunctive relief would be proper in *every* case in which liquidated damages were provided for.

In this case no provision of the Contract other than Paragraph 10 deals in any respect with Dr. Mooney's agreement not to compete. Paragraph 10 is self–contained: It defines Dr. Mooney's *obligation* and it also defines the *consequences* of that obligation–liquidated damages of $60,000. All of the language required by law to support a holding of liquidated damages rather than a penalty is present: mutual acknowledgement that in case of breach of the non–competition agreement Dr. Ryan "will suffer damages in an amount which will be difficult to ascertain with any degree of certainty"; mutual agreement by reason thereof "to fix the amount of such damages in

advance"; and finally mutual agreement that in case of any breach Dr. Mooney would pay to Dr. Ryan "as liquidated damages for such breach, the sum of Sixty Thousand Dollars ($60,000)."

Had there been an intention to reserve the right to injunctive relief in the Contract, Dr. Ryan was free to have done so. Non–competition agreements frequently contain just such language—but even more important and controlling here, the agreement for liquidated damages is in the same paragraph as the covenant itself and is the *only* provision that hints at, let alone defines, the consequences of breach. Under these circumstances the Court concludes that the Contract is indeed one that, as *Bauer* put it, has been "so formulated as to give an option to perform the contract or pay the stipulated damages."

Accordingly, Dr. Ryan's motion for preliminary injunction is denied as a matter of law.

### Conclusion

For the reasons already stated, both parties' motions are denied. Because the Complaint has been held to state a cause of action and Dr. Ryan is free to seek liquidated damages as provided in Paragraph 10 if a breach by Dr. Mooney has in fact occurred, Dr. Mooney is ordered to answer the Complaint on or before November 14, 1980.

---

**4.** In that respect it is also important to note that the Court specifically held that the parties "intended the clause as an additional sanction, by way of penalty, to enforce performance of the covenant not to re–engage in practice." 134 N.E.2d at 333. Thus it concluded that the provision called for an unenforceable penalty rather than for true liquidated damages.