JOSEPH FRAZIER, D.D.S., AND GEORGE D. DALLAS, D.D.S., *et al.*, Plaintiffs-Appellants, v. GARY DETTMAN, Defendant-Appellee.

Second District   Nos. 2—90—1271, 2—90—1272 cons.

Opinion filed April 10, 1991.

Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, and Regas, Frezados & Harp, of Chicago (William D. Dallas, of counsel), for appellants.

Daniel S. Hefter & Associates, Ltd., and Steven M. Harris, of Malk, Harris & Miller, both of Chicago, and W.M. Carroll, Jr., of Steffen & Carroll, of Crystal Lake (Daniel Slack Hefter, of counsel), for appellee.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

George D. Dallas, D.D.S., brought the instant action, individually and on behalf of the dissolved partnership of Joseph Frazier, D.D.S., and George D. Dallas, D.D.S. (the partnership), in the circuit court of McHenry County against defendant, Gary Dettman, D.D.S., a former employee of the partnership. Plaintiffs sought, *inter alia*, to enforce a restrictive covenant contained in defendant's employment contract with the partnership and a preliminary injunction. The circuit court refused to issue the preliminary injunction and, finding the restrictive covenant unenforceable, granted defendant's motion to dismiss those counts of plaintiffs' complaint based on the covenant. Plaintiffs

brought separate appeals from these two orders, and the two appeals have been consolidated for review.

Plaintiffs raise three issues on appeal: (1) whether a restrictive covenant in an employment contract is enforceable by a dissolved partnership in the process of winding up its affairs; (2) whether a partner of the dissolved partnership, acting individually and not on behalf of the partnership, can enforce such a restrictive covenant; and (3) whether an injunction should have been issued against defendant even in the absence of an enforceable restrictive covenant.

The following facts can be adduced from the record. Doctors Frazier and Dallas entered into a partnership agreement in 1985 to engage in the practice of dentistry under the name "Joseph I. Frazier, D.D.S. and George D. Dallas, D.D.S." Their practice was conducted at two offices in McHenry County, one in Woodstock and the other in Marengo.

Defendant, also a dentist, was hired by the partnership to perform dental services. Defendant had never practiced in McHenry County before being employed by the partnership. An employment contract dated August 1, 1987, was entered into between defendant and "Joseph Frazier, D.D.S. and George Dallas, D.D.S., a partnership." The contract notes that the partnership is also referred to in the document as the "partners." The contract contains the following pertinent provisions:

> "6. Employee agrees that he will be treating Partners' patients and will have access to lists of patients and their addresses, and that he will learn dental techniques and processes from the Partners, and therefore agrees that during the term of this Agreement, and for 2 years after the termination of this Agreement, he will not engage or become associated with, directly or indirectly, any business or other activity, as a stockholder, partner, investor, sole proprietor, agent, employee or consultant, which is in any way competitive with the business of the Partners, or perform any act which may confer a competitive benefit or advantage to any enterprise competing with the Partners in McHenry County.

> The Partners are actively engaged in the business of providing dental care, treatment and services in McHenry County, and it is therefore agreed that the foregoing restrictions shall be operative for the above time period only in that territory. *** The parties agree that the remedy at law for any breach of this provision will be inadequate and the Partners shall be entitled to injunctive relief together with attorney's fees and costs.

8. All patient records, files, x-rays and other work papers used and/or produced by Employee shall belong to and remain the property of the Partners."

The employment contract does not provide that any of the rights thereunder are assignable, and any modification of the agreement required the consent of both parties.

Frazier and Dallas decided to dissolve the partnership effective September 17, 1990. The dissolution agreement provided, *inter alia,* that either Frazier or Dallas could hire any partnership employee who would agree to be so employed. The dissolution agreement also provided that each partner would facilitate the "good faith transfer and referral of patients and patients' records" in accordance with each patient's choice of dentist. The agreement did not provide for either the sale of patient lists or the transfer of such lists to either partner upon dissolution.

As a result of the dissolution of the partnership, defendant's employment was terminated effective September 22, 1990. Plaintiffs alleged that defendant indicated that he would accept, but then declined, Dr. Dallas' offer of employment under similar terms as his former employment with the partnership. Instead of working for either of the two partners, defendant began practicing dentistry at his own office in Woodstock. Plaintiffs alleged that defendant contacted plaintiffs' patients and arranged to treat them in his office. Plaintiffs further alleged, on information and belief, that defendant removed patient lists and records without authority and in direct breach of his contract.

Plaintiffs' verified complaint was filed on October 3, 1990. Though the complaint was filed on behalf of "JOSEPH FRAZIER, D.D.S., and GEORGE DALLAS, D.D.S, a partnership" as well Dallas individually, Frazier is not, individually, a party to the action. It was alleged that the partnership was currently in the process of winding up its affairs. Count I of the complaint sought a permanent injunction against defendant to enforce the restrictive covenant. Count I also sought to recover the profits defendant gained as a result of his breach and to compel return of the patient lists. Count II sought the issuance of a temporary restraining order (TRO) or a preliminary injunction pending resolution of the cause. Count III sought money damages for breach of the employment contract. Count IV alleged that defendant tortiously removed the patient lists, and count V alleged tortious interference with plaintiffs' contractual relations.

Defendant filed a motion under section 2—619 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) to dis-

miss plaintiffs' complaint. The motion contended, *inter alia*, that counts I, II and III of the complaint were based on a restrictive covenant which could not be enforced either by the dissolved partnership or by a partner individually. The trial court entered a TRO on October 3, 1990, preventing defendant from soliciting or treating plaintiffs' patients and from practicing dentistry in McHenry County. Defendant filed an interlocutory appeal from the TRO in appeal No. 2—90—1104, and this court, pursuant to Supreme Court Rule 307(d) (134 Ill. 2d R. 307(d)), ordered that the TRO be vacated.

Plaintiffs subsequently asked the circuit court to issue a preliminary injunction. Plaintiffs contended that the terms of defendant's employment contract indicate that it could be enforced by either the partnership or the partners individually. Plaintiffs additionally contended that the restrictive covenant was an asset of the partnership which a winding-up partner could sue to protect. After a hearing on October 12, 1990, the circuit court denied plaintiffs' request for a preliminary injunction. The court also granted defendant's motion to dismiss counts I, II, and III of plaintiffs' complaint, holding that "the restrictive covenant sought to be enforced is, as a matter of law, unenforceable." Although the order did not dispose of counts IV and V, the court made a finding, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal of its order.

In No. 2—90—1271 of this consolidated appeal, plaintiffs appeal from the trial court's order denying the preliminary injunction pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)). In No. 2—90—1272, plaintiffs appeal from the trial court's order dismissing counts I, II, and III of the complaint pursuant to Supreme Court Rule 304(a).

Plaintiffs' first contention on appeal is that the partnership, acting through Dr. Dallas, may enforce the restrictive covenant even though the partnership is dissolved and in the process of winding up its affairs. An initial inquiry in this regard is whether Dr. Dallas, as a winding-up partner, has the *authority* to file suit on behalf of the partnership as a part of the process of winding up the partnership's affairs.

Section 30 of the Uniform Partnership Act (the Act) (Ill. Rev. Stat. 1989, ch. 106½, par. 30) provides that, upon dissolution, a partnership is not terminated, but continues in existence until the winding up of partnership affairs is completed. Dissolution terminates the authority of a partner to act on behalf of the partnership except so far as may be necessary to wind up partnership affairs. (Ill. Rev. Stat.

1989, ch. 106½, par. 33.) There is support for the proposition that "[i]ncluded in the powers of a liquidating partner winding up partnership affairs is the power to maintain an action on [the] partnership debts for the benefit of the partnership." (59A Am. Jur. 2d *Partnership* §1111, at 782 (1987).) Moreover, the dissolution of the partnership does not terminate its contractual relationships with other parties. See *Ellerby v. Spiezer* (1985), 138 Ill. App. 3d 77, 81, 485 N.E.2d 413.

Nevertheless, the propriety of a winding-up partner bringing a suit to enforce a restrictive covenant which will only affect future conduct, when the partnership will presumably be nonexistent, is troublesome. We need not answer this question here because defendant concedes in his brief that "dissolved partnerships may bring suit to enforce their rights as part of the winding up process." Thus, we assume, *arguendo*, that Dr. Dallas had the authority to bring the instant action on behalf of the partnership.

We next examine the question of whether the dissolved partnership can enforce the particular legal obligation at issue here, namely, the restrictive covenant. Plaintiffs contend that the trial court erroneously determined that the restrictive covenant was unenforceable by the dissolved partnership.

■ In Illinois, contracts in general restraint of trade are ordinarily held to be void. However, where the limitations as to time and territory are not unreasonable, the covenant is valid and may be enforced by injunction. (*Canfield v. Spear* (1969), 44 Ill. 2d 49, 50-51, 254 N.E.2d 433.) This rule applies to a restrictive covenant in an employment contract for professional services. (*Cockerill v. Wilson* (1972), 51 Ill. 2d 179, 183-84, 281 N.E.2d 648; *Canfield*, 44 Ill. 2d at 51, 254 N.E.2d at 434.) A restrictive covenant is generally held to be enforceable if it is reasonable in its geographic and temporal scope and if it is necessary to protect a legitimate business interest. (*Shapiro v. Regent Printing Co.* (1989), 192 Ill. App. 3d 1005, 1010, 549 N.E.2d 793.) Although enforceability is a question of law, the reasonableness of any restrictive covenant is determined by the facts of the particular case. *Shapiro*, 192 Ill. App. 3d at 1010, 549 N.E.2d at 795-96.

■ The reasonableness of the geographic and temporal scope of the restrictive covenant in the instant case is not at issue on appeal. However, the parties disagree as to whether the dissolved partnership has a legitimate business interest sufficient to support the restrictive covenant. In the case of a restrictive covenant contained in an employment contract, the covenantee must show special circumstances to

demonstrate a legitimate business interest. Such circumstances would be the employer's near-permanent relationship with customers with whom the former employee would not have had contact but for his association with the employer, or the existence of customer lists, trade secrets, or other confidential information. *Hamer Holding Group, Inc. v. Elmore* (1990), 202 Ill. App. 3d 994, 1007, 560 N.E.2d 907.

■ Plaintiffs correctly contend that a professional's medical practice is a protectable business interest. (*Retina Services, Ltd. v. Garoon* (1989), 182 Ill. App. 3d 851, 856, 538 N.E.2d 651.) Because an employee of a professional may be brought into contact with the employer's clientele, the employer may utilize a restrictive covenant in the employment contract to guard against the loss of clients to the employee. (*Cockerill*, 51 Ill. 2d at 184, 281 N.E.2d at 651.) In the instant case, however, the partnership, which is dissolved and in the process of winding up its affairs, no longer has an ongoing dental practice. It makes no sense to protect the partnership's relationship with its patients when they are no longer serviced by the partnership.

Defendant asserts that this case presents a similar issue to that in *Dr. Allison, Dentist, Inc. v. Allison* (1935), 360 Ill. 638, 196 N.E. 799. In that case, the supreme court refused to allow a corporation to enforce a restrictive covenant against a dentist because the corporation itself could not engage in the practice of dentistry. (*Allison*, 360 Ill. at 642, 196 N.E. at 800-01.) Here, the same might be said of a partnership on the brink of terminating its existence. As the partnership has no dentistry practice of its own which would constitute a legitimate business interest, there is nothing against which defendant's practice could impermissibly compete.

Plaintiffs further contend, however, that, although the partnership dental practice is no longer ongoing, it is proper for a partnership in the process of winding up its affairs to protect the value of partnership assets. This statement is correct, as the winding-up process can involve the sale of assets to pay partnership debt or to distribute the proceeds to the partners. (See 59A Am. Jur. 2d *Partnership* §1100 (1987).) Plaintiffs maintain that enforcement of the restrictive covenant operates to protect the value of goodwill which will pass to the partners upon termination of the partnership.

■ The reputation of a professional partnership, such as partnerships of attorneys or physicians, depends upon individual skill of its members, and there is generally no goodwill to be distributed as an asset upon the dissolution of such a firm. (*Cook v. Lauten* (1954), 1 Ill. App. 2d 255, 260, 117 N.E.2d 414; see also 59A Am. Jur. 2d *Partnership* §338 (1987) (same rule applied to partnerships of dentists).)

Therefore, because no goodwill will pass to the members of the partnership, and because no goodwill is here being sold to a third party (see, *e.g., Hamer*, 202 Ill. App. 3d at 1008-09, 560 N.E.2d at 915-16), the dissolved partnership has no legitimate business interest in enforcement of the restrictive covenant to protect the value of its goodwill.

■ Because the partnership has no legitimate business interest to justify enforcement of the restrictive covenant, we hold that, on the particular facts of this case, the covenant is unenforceable in an action brought on behalf of the dissolved partnership.

Plaintiffs' second contention is that, even if the restrictive covenant is not enforceable by the partnership itself, it may be enforced by the individual partners. It does not appear that plaintiffs are arguing that the partnership assigned its rights in the covenant to the individual partners. Thus, we need not determine whether such an assignment of rights under a contract for personal services would be valid. (See generally 53 Am. Jur. 2d *Master & Servant* §14 (1970).) Instead, plaintiffs argue that the terms of defendant's employment contract allow either of the partners to enforce the restrictive covenant.

■ The employment contract specifically notes that the parties thereto are defendant and the partnership, not the individual partners. Plaintiffs argue, however, that the restrictive covenant prohibits defendant from competing with "the business of the Partners." Thus, plaintiffs construe the contract as creating rights in favor of the individual partners which can be enforced by the individual partners.

We note that, by its exact terms, the contract states that the employer is, "Joseph Frazier, D.D.S. and George Dallas, D.D.S., a *partnership* (herein 'partners')." (Emphasis added.) Thus, the contract itself specifies that the term, "partners," adds nothing to the definition of the employer in whom the rights of the contract were created. The contract is one between defendant and the partnership, not the individual partners, and there is no basis upon which to allow the individual partners to enforce a contract to which they are not, individually, parties.

■ We conclude that the restrictive covenant is not enforceable by either the dissolved partnership or by Dr. Dallas acting individually. Where it has been determined that a party will not ultimately succeed on the merits of his claim, it is proper to deny a preliminary injunction. (See *Mister v. A.R.K. Partnership* (1990), 197 Ill. App. 3d 105, 118-19, 553 N.E.2d 1152.) Therefore, the trial court was correct in denying the issuance of a preliminary injunction and in granting

defendant's motion to dismiss counts I, II and III of plaintiffs' complaint insofar as they were based upon the restrictive covenant.

■ Plaintiffs' third argument, which is cursorily raised in their brief, is that, even in the absence of a restrictive covenant, the customer lists purportedly stolen by defendant constitute a protectable interest sufficient to support the issuance of the preliminary injunction. We note that plaintiffs did not present this argument in support of the preliminary injunction below. The failure to raise an issue in the trial court constitutes a waiver of the issue for purposes of appeal. *People ex rel. Hartigan v. Illinois Commerce Comm'n* (1987), 117 Ill. 2d 120, 131, 510 N.E.2d 865.

■ Even if we were to consider this argument, we note that the record is not sufficient to support it. It is true that, where no answer has been filed, the well-pleaded allegations of a complaint for preliminary injunction will be taken as true. (*Interstate Material Corp. v. City of Chicago* (1986), 150 Ill. App. 3d 944, 948, 501 N.E.2d 910.) Here, however, plaintiffs' verified complaint alleged only "[o]n information and belief" that defendant removed patient records without authorization. A complaint for preliminary injunction must plead facts which clearly establish a right to injunctive relief, and allegations consisting of mere opinion, conclusion or belief, rather than personal knowledge, are not sufficient. (*Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.* (1986), 143 Ill. App. 3d 285, 291, 492 N.E.2d 969; *Maas v. Cohen Associates, Inc.* (1983), 112 Ill. App. 3d 191, 195-96, 445 N.E.2d 517.) Additionally, plaintiffs' complaint does not allege that the customer lists were kept confidential. See *Prentice Medical Corp. v. Todd* (1986), 145 Ill. App. 3d 692, 699, 495 N.E.2d 1044.

Our conclusion for the above reasons makes it unnecessary for us to consider defendant's additional arguments that this court's prior dissolution of the TRO constitutes the law of the case and that the restrictive covenant is an unenforceable contract of adhesion unsupported by consideration.

The judgments of the circuit court of McHenry County are affirmed.

Affirmed.

BOWMAN and McLAREN, JJ., concur.