SARAH BUSH LINCOLN HEALTH CENTER, Plaintiff-Appellee, v. SU-
ZANNE S. PERKET, Defendant-Appellant.

Fourth District   No. 4—92—0448

Opinion filed December 17, 1992.—Rehearing denied January 19, 1993.

Auler Law Offices, of Urbana, for appellant.

William J. Warmoth, of Brainard, Bower & Kramer, of Charleston, for appellee. ·

JUSTICE GREEN delivered the opinion of the court:

On April 27, 1992, plaintiff Sarah Bush Lincoln Health Center, an Illinois not-for-profit corporation, filed a verified complaint in the circuit court of Coles County against defendant, Suzanne S. Perket, seeking preliminary and permanent injunctive relief to uphold a covenant against competition in an employment contract between the parties. On the same date, plaintiff filed a motion for the preliminary injunction requested in the complaint. (Ill. Rev. Stat. 1991, ch. 110, par. 2—615.) On May 15, 1992, defendant filed a motion to dismiss plaintiff's motion for the preliminary injunction and the complaint. After a hearing, the court entered an order on May 19, 1992, granting a preliminary injunction against certain activities of plaintiff upon filing of a $50,000 bond. On May 20, 1992, such a bond was filed and approved.

The complaint alleged that (1) on or about February 27, 1991, the parties entered into a contract whereby defendant was employed as plaintiff's director of physical medicine and rehabilitation at plaintiff's hospital; (2) incident to the contract was the following provision:

"During your employment and for a period of one year thereafter, you agree that you shall not, directly or indirectly, invest in, own, manage, operate, control, be employed by, participate in, or be connected in any manner with the ownership, management, operation or control of any person, firm, or corporation engaged in competition with Hospital in providing health services or facilities within Coles County including the provision

for Physical Medicine and Rehabilitation services in a private office, without prior written consent of the Hospital"; (3) defendant's employment with plaintiff was terminated on or about September 6, 1991; (4) thereafter "defendant engaged in the business of providing physical medicine and rehabilitation services in Coles County in competition with the plaintiff"; (5) "[a]s a result of defendant's breach of the covenant contained in her contract with plaintiff, the plaintiff has been severely and irreparably damaged"; (6) various warnings and demands to cease and desist were made to defendant; (7) defendant's conduct has caused "a present and continuing interference with economic relationships between plaintiff and" others; and (8) unless defendant is enjoined, "plaintiff will suffer irreparable injury for which it has no adequate remedy at law."

The preliminary injunction prohibited defendant from "directly or indirectly providing physical medicine and rehabilitation services in Coles County, Illinois, during the pendency of this litigation until September 6, 1992, or until further order of court."

On May 28, 1992, defendant filed in the circuit court a document entitled "Notice of Appeal." It purported to be an appeal of the May 19, 1992, order "denying the Defendant's Motion to Dismiss and granting the Plaintiff's Motion for Temporary Injunction." The document purported to be filed "pursuant to Supreme Court Rule 303." (See 134 Ill. 2d R. 303.) Plaintiff maintains this document was insufficient to vest us with jurisdiction and requests we dismiss the purported appeal. The problem arises because Supreme Court Rule 303 (134 Ill. 2d R. 303) states on its face that it is applicable to final judgments and we have no final judgment here. The granting of the preliminary injunction was appealable pursuant to Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)) as an interlocutory order for an injunction. The purported denial of the motion to dismiss would have been an interlocutory order appealable only upon joint action of the circuit court and this court pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), which did not take place here.

Actually, the May 19, 1992, order made no reference to the sufficiency of the complaint and did not pass upon that issue. Thus, we are faced with the question of whether we can proceed to review an order appealable under Supreme Court Rule 307 when the notice of appeal states that the appellant is proceeding under Supreme Court Rule 303. We hold that we do have jurisdiction. Cases cited by plaintiff do not hold to the contrary.

■ In *Servio v. Paul Roberts Auto Sales, Inc.* (1991), 211 Ill. App. 3d 751, 755, 570 N.E.2d 662, 664, cited by defendant, the court

recited *dictum* indicating that when "jurisdiction is far from clear, failure to file a jurisdictional statement may be grounds for dismissal of an appeal." A somewhat similar statement was made in *Voiland v. Warsawsky* (1989), 182 Ill. App. 3d 332, 334, 538 N.E.2d 764, 765-66, where an appeal was dismissed for lack of an appealable order. Appellant's brief here also lacked a proper jurisdictional statement as required by Supreme Court Rule 341(e)(4)(ii) (134 Ill. 2d R. 341(e)(4)(ii)). However, "[t]he appeal is initiated by filing a notice of appeal. No other step is jurisdictional." (134 Ill. 2d R. 301.) Plaintiff admits that an interlocutory appeal has been permitted when the nature of the appeal is not properly designated in the notice of appeal. (*City of Chicago v. First Bank* (1988), 178 Ill. App. 3d 321, 533 N.E.2d 424.) The only action taken by the order from which appeal is sought was to grant a preliminary injunction. We take this case as an interlocutory appeal from that order pursuant to Supreme Court Rule 307. We deny the motion to dismiss the appeal.

On the merits of the appeal, defendant maintains that plaintiff's allegations were conclusory and combined two separate and contradictory arguments. She also asserts that (1) the court erred in denying her time to file an answer to the complaint so that she could put on evidence in opposition to the request for relief, and (2) she apparently contends we should grant her damages pursuant to the bond filed by plaintiff. Finally, she contends that matters which occurred at the hearing on the preliminary injunction denied her due process of law.

■ The parties agree that, as the court has stated, in order to be entitled to a preliminary injunction, a petitioner must show (1) it has a clearly protectable right which needs protection; (2) success of the underlying suit on the merits is likely; (3) it has no adequate remedy at law; (4) without interlocutory relief, it will suffer irreparable damage; and (5) the benefits of granting the preliminary injunction will exceed the injury to the defendant. (*Ron Smith Trucking, Inc. v. Jackson* (1990), 196 Ill. App. 3d 59, 63, 552 N.E.2d 1271, 1275.) The parties also do not dispute that one element of a cause of action to enforce a restrictive covenant in an employment contract is an apparent interest in the employer which is protected by the covenant. Defendant maintains that the complaint sets forth that interest here, if at all, in a manner too conclusory.

In support of her contention that plaintiff's showing of protectable interest is insufficient, defendant cites *Southern Illinois Medical Business Associates v. Camillo* (1989), 190 Ill. App. 3d 664, 546 N.E.2d 1059, and *Instrumentalist Co. v. Band, Inc.* (1985), 134 Ill. App. 3d 884, 480 N.E.2d 1273. In *Southern Illinois Medical*, the

court reversed a preliminary injunction awarded a medical laboratory to enforce a covenant against competition agreed to by its former employee because of a lack of showing of a protectable interest. That court concluded that a showing of a near permanent relationship between the employer and the plaintiff's customers and the revelation of trade secrets to the employee was necessary. In *Instrumentalist* (134 Ill. App. 3d at 892, 480 N.E.2d at 1279), a similar rule was found to have been met.

In the last 20 years, the supreme court has not dealt with the question of whether an employer has a sufficient proprietary interest in its customers, clients, or patients to justify enforcement of covenants in contracts of employment which restrict competition. In *Lee/ O'Keefe Insurance Agency, Inc. v. Ferega* (1987), 163 Ill. App. 3d 997, 516 N.E.2d 1313, this court affirmed a circuit court's order denying a preliminary injunction which *inter alia* would have prohibited a former employee of an insurance agency from competing with a former employer within a 100-mile radius of the former employer's place of business. The covenant against competition for which enforcement was sought would have prohibited competition by the former employee for a period of five years within the 100-mile radius. The *Ferega* court also affirmed a denial of a preliminary injunction to enforce an additional covenant against use of disclosure of the list of the former employer's customers.

■ In *Ferega*, the principal reason for the affirmance in regard to the denial of injunctive relief as to the covenant against competition was that the 100-mile radius and five-year term were unreasonable. (*House of Vision, Inc. v. Hiyane* (1967), 37 Ill. 2d 32, 225 N.E.2d 21.) However, citing *Image Supplies, Inc. v. Hilmert* (1979), 71 Ill. App. 3d 710, 390 N.E.2d 68, this court also stated:

"A restrictive covenant may be held enforceable only if the time limit and geographic scope are reasonable, *trade secrets or confidential information are involved, and the restriction is reasonably necessary for the protection of a legitimate business interest.*" (Emphasis added.) *Ferega*, 163 Ill. App. 3d at 1006, 516 N.E.2d at 1319.

■ In *Image Supplies, Inc.* (71 Ill. App. 3d at 713, 390 N.E.2d at 71), that court distinguished the proof necessary to show a sufficient interest protected by a restrictive covenant in an ordinary case, where the employee is in such a position as a salesman, from that necessary in cases such as *Cockerill v. Wilson* (1972), 51 Ill. 2d 179, 281 N.E.2d 648, and *Canfield v. Spear* (1969), 44 Ill. 2d 49, 254 N.E.2d 433, where the employees giving the covenant were a veteri-

narian and a physician, respectively. In *Image Supplies, Inc.* (71 Ill. App. 3d at 714, 390 N.E.2d at 71), the court pointed out that in *Nationwide Advertising Service, Inc. v. Kolar* (1973), 14 Ill. App. 3d 522, 528, 302 N.E.2d 734, 738, it had stated:

" 'The very nature of the professions in which [the plaintiffs in *Cockerill* and *Canfield*] were engaged indicates that they could justifiably anticipate a permanent or near-permanent relationship with the clientele.' "

The *Cockerill* court made short work of deciding whether a protectable interest was shown by the employer. It stated:

"In considering this issue we must consider that the interest plaintiff sought to protect by the covenant was his interest in his clients. (*House of Vision, Inc. v. Hiyane* (1967), 37 Ill. 2d 32[, 225 N.E.2d 21].) In bringing the defendant into the association plaintiff was thereby bringing him in contact with a clientele which plaintiff had established over a period of years. Plaintiff was naturally interested in protecting his clients from being taken over by defendant as a result of these contacts." (*Cockerill*, 51 Ill. 2d at 184, 281 N.E.2d at 651.)

The situation of the defendant here was more nearly like that of the professionals in *Cockerill* and *Canfield* and the showing of a proper protectable interest was inherent in the relationships alleged in the complaint. The time and place restrictions of the preliminary injunction here were clearly reasonable.

Defendant further complains that plaintiff made no sufficient showing that she was in breach of the covenant, but we deem the allegation she was engaging in the business of providing physical medicine and rehabilitation service in Coles County was sufficient. We likewise find the allegation of damages sufficient. We also consider the irreparable nature of the injury inherent in the situation alleged. Defendant maintains that the request for damages made by plaintiff negates the irreparable nature of the alleged injury and the lack of a remedy at law. She cites no supporting cases and we are aware of none. Likewise, we find no merit in defendant's complaint that the complaint is erroneously duplicative by asking for both injunctive and monetary relief. If separate counts are necessary, that can be required but any duplication does not preclude interlocutory relief.

We hold the verified complaint set forth, with enough detail, sufficient facts to show a likelihood of success on the merits and supported the grant of interlocutory relief.

■ We also hold that the court did not breach its discretion in denying defendant a continuance to file an answer. Defendant relies

upon the somewhat analogous case of *Olympic Federal v. Witney Development Co.* (1983), 113 Ill. App. 3d 981, 447 N.E.2d 1371. There, pursuant to a complaint for mortgage foreclosure, the plaintiff requested an interlocutory order placing plaintiff in possession. The defendant moved to strike the motion as insufficient and that motion was denied. That defendant then asked for a time to file an answer to the motion so that an evidentiary hearing could be held on the motion. That request was denied and the court then entered the interlocutory order for possession. On appeal, the appellate court reversed, holding that defendant should have been given time to file an answer.

We recognize analogy to *Olympic Federal.* However, allowance of substantial time to file an answer delays the period of time when a party needing interlocutory relief can obtain it. Here, the transcript of the proceedings indicated that defendant wanted time to take discovery before proceeding to answer. Delay for discovery is very defeating of interlocutory relief. A respondent to a request for interlocutory relief wishing to put on evidence in opposition to the request should be prepared to file an answer if an attack on the sufficiency of the request for interlocutory relief fails. If, as here, the answer required would be an answer to the complaint, the answer filed would not prevent the defendant from later amending the answer before a hearing on the merits.

█ As a separate argument, defendant contends that the injunction here creates a restriction of trade violative of public policy, citing *Frazier v. Dettman* (1991), 212 Ill. App. 3d 139, 569 N.E.2d 1382, and *Tyler Enterprises of Elwood, Inc. v. Shafer* (1991), 214 Ill. App. 3d 145, 573 N.E.2d 863. We conclude that the doctrine of the supreme court cases of *Cockerill* and *Canfield* justifies the injunctive relief granted and those cases make no inroads on that precedent. Defendant's request for recovery on the injunction bond cannot be granted upon an affirmance of the injunction and would, in any event, be a matter for original determination in the trial court. Defendant also contends the court acted improperly in considering a legal theory presented at a judicial seminar. This assertion is totally devoid of merit.

We affirm.

Affirmed.

KNECHT and LUND, JJ., concur.