No. 3-02-0141

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

JOLIET MEDICAL GROUP, INC.,

Plaintiff-Appellant,

v.

SCOTT A. ENSMINGER, D.O.,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 12th Judicial Circuit Will County, Illinois

No. 01-CH-070

Honorable Herman Haase,

Judge, Presiding

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff, Joliet Medical Group (Joliet Medical), and defendant, Dr. Scott A. Ensminger, entered into an employment and non-competition agreement in 1998.  The non-competition agreement prohibited Ensminger from operating a medical practice within a two mile radius of Joliet Medical's principal offices for a period of three years.  In 2000, Ensminger resigned from Joliet Medical and opened two offices outside the geographic limitation.  However, he maintained staff privileges at Provena-St. Joseph Medical Center (St. Joseph), a hospital located within the restricted radius.  Joliet Medical brought an action for a preliminary injunction to enforce the non-competition agreement.  Both parties filed motions for summary judgment. The trial court granted Ensminger's motion, finding that his actions at St. Joseph did not constitute a medical practice as contemplated by the non-competition agreement.  We agree and affirm.

FACTS

Joliet Medical is a professional corporation that employs physicians to treat patients in the Joliet area.  In 1998, Joliet Medical negotiated an employment agreement with Ensminger that contained a non-competition agreement.  The agreement not to compete prevented Ensminger from operating a medical practice within two miles of Joliet Medical's principal office for a period of three years after leaving Joliet Medical.

"This Agreement shall prevent Doctor directly or indirectly, on his behalf or as an employee, officer, agent, director, partner, consultant or advisor, during the period of their Agreement (i) from forming, owning, joining, controlling or seeking, applying for ... develop[ing] or operat[ing] a 
medical practice
 within the Geographic Area, or (ii) from otherwise participating in the ownership of or being otherwise affiliated with any person or entity engaged in the type of business prohibited by this Agreement in the Geographic Area" (emphasis added).

As part of his employment, Ensminger maintained staff privileges at St. Joseph. 

In 2000, Ensminger resigned from his position with Joliet Medical and signed a letter acknowledging the binding effect of the non-competition agreement.   After his resignation, Ensminger opened offices in Lemont and Shorewood, outside the two mile limitation contained in the agreement.  Ensminger modified his information on file at St. Joseph to reflect his employment change.  He maintained his privileges at the hospital and began to admit patients there.  St. Joseph is the only hospital that services the Shorewood area, but it is located within two miles of Joliet Medical.

Joliet Medical filed a complaint for injunctive relief, asking the court to enjoin Ensminger from "practicing medicine or otherwise ... violating the Agreement."  The parties filed cross motions for summary judgment.  The trial court granted Ensminger's motion.  The court held that prohibiting Ensminger from admitting patients to St. Joseph unreasonably prevented him from operating a medical practice in Shorewood and unfairly extended the scope of the agreement.

ANALYSIS

Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  
Largosa v. Ford Motor Co.
, 303 Ill. App. 3d 751, 753 (1999).

Joliet Medical argues that St. Joseph qualifies as a "medical practice"; it claims that by treating and admitting patients to St. Joseph, Ensminger established a medical practice within the two mile restricted area.  Ensminger admits that he practices medicine by treating and admitting patients to St. Joseph, but denies that the hospital is a medical practice.

The practice of medicine occurs whenever doctors perform an activity for which they must be licensed according to the Medical Practice Act of 1987, including writing prescriptions, treating diseases or diagnosing patients. 225 ILCS 60/3 (West 1998). 

In contrast, a "medical practice," simply stated, is the physician's business.  It includes physical assets and goodwill that can be liquidated, such as offices, patient files, furniture, medical equipment, instruments, professional books, fixtures, and buildings.  See generally 
Lieberman and Kraff, M.D., S.C. v. Desnik
, 244 Ill. App. 3d 341, 342 (1993) (where medical practice included patient cards and records, office furnishings, equipment and other assets).  It is a distinct entity, the business of which is to medically treat patients.  

Certainly doctors practice medicine at a hospital.  However, the physical location at which a doctor practices medicine does not  automatically qualify it as a medical practice.  Physicians may  have a medical practice at an office; when they treat patients at a hospital, they are practicing medicine, but their medical practice has not moved from the office to the hospital.  A hospital is merely a necessary tool of the practice.  Similarly, if  physicians made house calls to visit patients, they would be practicing medicine at patients' homes, but their medical practice does not thereafter include the patients' homes. 

Here, Ensminger's medical practice is located at his offices in Lemont and Shorewood, and he has staff privileges to treat his patients at St. Joseph.  The hospital is merely an element of his practice, a place where he can practice medicine.

The non-competition agreement prohibited Ensminger from establishing a medical practice, not from practicing medicine.  It may not have been unreasonable to prohibit Ensminger from practicing medicine (see 
Carter-Shields, M.D. v. Alton Health Institute
, 201 Ill. 2d 441 (2002)), but that is not what the agreement says. 

Joliet Medical cites 
Berlin v. Sarah Bush Lincoln Health Center
, 179 Ill. 2d 1 (1997), in support of its position that treating patients in a hospital constitutes treatment in a medical practice. 
 In 
Berlin
, the issue was whether an employment agreement executed between a doctor and a hospital violated the prohibition on the corporate practice of medicine.  Our supreme court held that a duly licensed hospital possesses the authority to practice medicine by employing licensed physicians.  
Berlin
, 179 Ill. 2d at 19.  The court did not hold that a hospital constituted a medical practice.

Joliet Medical also cites 
Cockerill v. Wilson
, 51 Ill. 2d 179 (1974), where two veterinarians executed a non-competition agreement when they formed an association to practice veterinary medicine. 
 The court found that the agreement not to compete prevented the defendant from practicing veterinary medicine.  
Cockerill
, 51 Ill. 2d at 184-85.  As we have stated, language prohibiting the practice of medicine does not appear in the agreement executed by Joliet Medical and Ensminger.  We find 
Cockerill
 inapposite.

Since we have determined that the hospital is not a medical practice and that Ensminger is not in violation of the agreement, we need not reach other issues asserted by Joliet Medical.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

JUSTICE SLATER, dissenting:

_________________________________________________________________

The majority finds that admitting patients to St. Joseph's hospital and treating them there is "practicing medicine" but the defendant is not engaging in a "medical practice" in doing so.  Even if one accepts the majority's restrictive definition of a medical practice as encompassing only the physical assets "such as offices, patient files, furniture, medical equipment, instruments, professional books, fixtures, and buildings" (slip op. at 4), I fail to see how the hospital escapes this definition.  After all, the hospital certainly has all of the physical assets referred to by the majority, in abundance.  Indeed, in explaining how a "medical practice" differs from "practicing medicine," the majority states that the former is "a distinct entity, the business of which is to medically treat patients."  Slip op. at 4.  This definition precisely describes a hospital.  See 
Berlin
, 179 Ill. 2d at 17, 688 N.E.2d at 113 (hospitals are authorized, even mandated, by statute to provide medical services).  Nevertheless, the majority curiously concludes that "the hospital is not a medical practice".  Slip op. at 6.

I would find, at a minimum, that St. Joseph's hospital is engaging in a "medical practice."  Under the non-competition agreement the defendant is prohibited not only from engaging in a medical practice but also from "being otherwise affiliated with any person or entity engaged in the type of business prohibited by this Agreement in the Geographic Area."  In my view, any reasonable interpretation of this provision bars the defendant from maintaining staff privileges at the hospital.

Accordingly, I would reverse the entry of summary judgment in favor of the defendant and enter summary judgment in favor of the plaintiff.